1817.

LIVINGSTON
v.
HUBBS.

LIVINGSTON *against* HUBBS and others.

*November* 26.

A bill of *review*, on matter of fact, is not allowed to be filed, unless on oath of the discovery of new matter or evidence, which has come to light since the decree; or, at least, since publication, and which could not possibly be had, or used, at the time publication passed.

Newly discovered evidence, which goes to impeach the character of witnesses examined in the original suit, or of cumulative witnesses to a litigated fact, is not sufficient.

The matter of fact, newly discovered, must be relevant, and materially affecting the ground of the decree.

A bill of review will not be allowed, unless the decree has been performed by the party seeking the review ; but where he is in execution for the non-payment of the money and costs awarded to be paid by him, and which he is unable to pay, it seems that leave to file a bill of review will not be denied, on the mere ground of non-performance of the decree.

PETITION of the defendant, *Hubbs*, for leave to file a *bill of review*. After stating the substance of the original bill, and answer, and evidence on which the decree was made, (vide S. C., vol. 2. p. 512.) the defendant stated, that since the decree, he had discovered that several of the witnesses of the plaintiff, who had, in their testimony contradicted the statement in his answer, had mistaken the land in question, and had testified respecting lands adjoin-

ing thereto, or had confounded it with the adjoining lands,
so that their evidence was irrelevant; and that, by the
fraudulent combination of the plaintiff, and his agent,
*Paul Sultz*, several other of the witnesses who were ex-
amined, had been shown a different tract of land from the
one in controversy, and of greatly inferior value; that *W.*
*Kerr*, who deposed that he was a commissioner of taxes,
and had not assessed the land in question on account of its
inferior quality, was never a commissioner of taxes, but
had been convicted of forgery; and that from the certifi-
cate of the clerk of the commissioners, it appeared that
the premises in question had been taxed as land fit for cul-
tivation; and that other of the witnesses examined, were
persons of bad fame, and unworthy of credit, all which
was unknown to the defendant, (*H.*) until since the de-
cree. That since the decree he had procured the tract
of land in question to be surveyed, and that several re-
spectable and intelligent persons had visited it, and de-
clared it to be as represented by him to the plaintiff. That
the defendant is now in execution for 250 dollars, and the
costs awarded by the decree. That the ground of the de-
cree was, that the land had been represented to the plain-
tiff to be of good quality and fit for cultivation, when, in
fact, it was not.

Prayer for leave to bring in a bill of review, to obtain a
reversal or modification of the decree.

Various documents, and several affidavits, were annexed
to the petition. Affidavits on the part of the plaintiff
were, also, read, in opposition to the motion.

*H. Bleecker*, *Burr*, and *Bracket*, for the petition. They
cited, 1 *Ch. Cas.* 42, 43. *Mitf. Pl.* 66. 71. 78, 79. 4 *Vesey*,
186. 211. 8 *Vesey*, 438. 465. *Bohun's Ch.* 382. 2 *Freem.*
*Rep.* 172. 1 *Vern.* 117. *Cooper's Pl.* 89. 91. 1 *Harris.*
*Pr.* 171. 1 *Vesey*, 435. 3 *Burrow*, 1771. 1 *Bos. & Pull.*
427. 2 *Caines' Rep.* 224.

LIVINGSTON
v.
HUBBS.

*Sampson*, and *Mackay*, contra.   They cited 1 *Harris.
Prac.* 138, 139. 143. 187. *Wiser* v. *Blachly*, (2 *Johns. Ch.
Rep.* 488.)

THE CHANCELLOR.  The question, whether the repre-
sentations of the defendant, *Hubbs*, as to the quality of the
tract of land in *Pennsylvania*, and mentioned in the
pleadings, were true or false, was one of the matters of
fact, in issue, in the cause.   The defendant was charged,
in the bill, with gross misrepresentations on that point,
and the charge was denied in the answer, and put at issue.
The defendant's attention was called to the very fact, and
he was bound to use reasonable diligence in bringing for-
ward his proof on that point.   The necessity of a reasona-
bly active diligence, in the first instance, is imposed upon
parties, and a bill of review is not to be sustained merely
to accumulate testimony.   This is the clear and neces-
sary doctrine of the court.  (*Youngs* v. *Keighly*, 16 *Vesey*,
398.)   The rule of Lord *Bacon*, as declared in his Ordinan-
ces, No. 1. (and Lord *Hardwicke* says the rule has never
been departed from,) is, that a bill of review, upon matter
of fact, must be upon special leave of the court, and upon
oath of the discovery of "*new matter*, or evidence which
hath come to light after the decree, and *could not possibly
be had or used* at the time when the decree passed."  If
the party *might* have used the new proof when the decree
was made, it is not a sufficient ground for a bill of review.

There is no newly-discovered evidence, in this case, but
what might have been had, with ordinary diligence, in the
first instance.   The defendant might have had the lands sur-
veyed, and viewed, and located, and the question of the as-
sessment, and payment of taxes established, as well before
publication passed in the cause, as since the decree.  There
never was a more lame and feeble attempt to support a bill
of review, on the ground of newly-discovered evidence.
Most of the testimony goes to the *credit* of the witnesses

examined on the part of the plaintiff; but the credit of witnesses is not to be impeached after the hearing and decree. Such applications for an examination to the credit of a witness are always regarded with great jealousy, and they are to be made before the hearing. (*White* v. *Fussell*, 1 *Vesey & Beame*, 151.) There would be no end of suits, if the indulgence asked for, in this case, was to be permitted.

The nature of the newly-discovered evidence must be different from that of the mere accumulation of witnesses to a litigated fact. In *Taylor* v. *Sharp*, (3 *P. Wms.* 371.) the Lord Chancellor spoke of such new matter as a receipt, release, &c., and observed, that unless the relief was confined to such new matter, it might be used for vexation and oppression, and for the cause never to be at rest; and in a case already referred to, Lord *Eldon* observed, that a party was not, indeed, bound to know every thing which he could have discovered; for instance, he might not be held bound to look into a box for instruments which no human prudence would have suggested. The language of these cases show strongly the nature and strictness of the rule as to newly-discovered proof.

It seems not, indeed, to be requisite that the new matter should have come to the party's knowledge *after the decree*, according to the letter of Lord *Bacon's* rule. It is sufficient, if it be discovered subsequent to publication. (*Amb.* 292. 3 *Atk.* 26.)

2. But it must be a matter of fact materially relevant and pressing upon the decree. This was the doctrine in *Bennet* v. *Lee*, (2 *Atk.* 529.) in *Morris* v. *Le Neve*, (3 *Atk.* 26.) and in *Young* v. *Keighly*. The facts set forth in this case, as newly discovered, do not appear to me to be material to the merits of the cause. The fraudulent combination between *Baldwin* and *Hubbs*, to impose upon the plaintiff, is still equally apparent. *Hubbs* was acting under the influence of his own interest, when he acted as

LIVINGSTON
v.
HUBBS.

arbitrator. That interest was founded on his previous agreement with *Baldwin*, and his umpirage was founded in corruption. The purchase of 135 acres, which formed part of the tract of land in question, was done in further-ance of the same fraudulent combination; and I think the weight of evidence is still decisive, that his representa-tions of the quality of the land were false and fraudu-lent. The very certificate which he now produces from *George Palmer*, shows the tract of land to be almost worth-less, for it states the tract to be on the side and top of a mountain; that about *one-third part may be cultivated* and that *the soil is thin*. The other two-thirds would seem to be stones and worthless, except that *some part of the timber might do for sawing*. The new proof now exhibited would not alter the merits of the case, nor remove the conclusion already drawn from the pleadings and original proofs; that the proceeding by which the exchange of the land in *Brooklyn*, for the *Pennsylvania* land, was effected, was a fraud of *Hubbs* and *Baldwin*, practised upon the plaintiff. I think the weight of evidence would still be, that the witnesses had not mistaken one tract of land for another.

Either of the grounds I have mentioned appear to me to be sufficient to resist the application. It was, also, one of Lord *Bacon's* rules, that no bill of review was to be al-lowed, except the decree had been first performed, as if it be for money, that the money be paid; and this rule we find to be afterwards declared and acted upon. (2 *Bro. P. C.* 24. note. *Wiser* v. *Blachly*, 2 *Johns. Ch. Rep.* 491., and the cases there referred to.) But where the party is in execution under the decree, and unable to pay, (as is the case here,) I should rather conclude that the non-pay-ment of the money is not an insuperable obstacle; and so it seems to have been understood. (1 *Vern.* 117. 264.)

I shall, therefore, dismiss this petition, with costs. They are awarded when the application has no colourable sup-port. (3 *Atk.* 32.) By an ordinance of Lord *Hardwicke*,

in 1741, no bill of review, for newly discovered evidence, was to be permitted without a deposit of 50 pounds to answer damages and costs, if the court should award any.

Prayer of the petition denied, with costs.