## Case No. 9,263.

### MASSIE v. GRAHAM.

[3 McLean, 41.] [1]

Circuit Court, D. Ohio. July Term, 1842.

PRACTICE IN EQUITY — BILL OF REVIEW — NEW MATTER — HOW BILL FILED — WHEN FILED — MISTAKE IN DECREE—COMPLIANCE WITH DECREE —DELAY.

1. The ordinances of Lord Bacon still govern bills of review. They may be filed for errors of law, for new matter or proof material in the case, of which the party, at the hearing, had no knowledge.

[Cited in Irwin v. Meyrose, 7 Fed. 536.]

[Cited in Ketchum v. Breed, 66 Wis. 97, 26 N. W. 277.]

2. If the new matter would have changed the decree, though foreign to the issue, it is ground for a review.

[Cited in Irwin v. Meyrose, 7 Fed. 536.]

[Cited in Traphagen v. Voorhees, 45 N. J. Eq. 45, 49, 16 Atl. 200.]

3. The mode of filing a bill of review is, by petition setting forth the grounds, and asking leave to file the bill. As the practice is new in this court, the bill being filed in the present case, considered as a petition for leave, &c.

4. In England, before the enrolment of a decree, a bill of review will not lie.

5. To authorise a review, the evidence must not only be newly discovered, but it must appear that by the use of reasonable diligence it could not have been discovered.

[Cited in U. S. v. Rico, Case No. 16,160.]

[Cited in Ketchum v. Breed, 66 Wis 97, 26 N. W. 277.]

[See Baker v. Whiting, Case No. 786.]

6. A miscalculation in the amount of the decree, by which the defendant is charged with a larger sum than he should be, may be corrected, and the ground of review obviated by entering a credit for the amount, on the unsatisfied decree.

[Cited in Tappan v. Wilson, 7 Ohio, 190.]

7. It is not necessary in all cases to comply with a decree. before it can be reviewed. As for instance the execution of a conveyance.

[Cited in Phillips v. Mariner, Case No. 11,-105.]

8. Application for leave must present a prima facie case for a review. On the hearing, the same grounds may be considered.

9. Lapse of time will bar a review. Especially where the death of persons interested in the transactions, leaves no probability of explanation.

10. The granting of a bill of review is not a matter of right.

In equity.

Scott & Massie, for complainants.

Leonard & Stansbury, for defendant.

OPINION OF THE COURT. This case was argued at the last term, and continued under advisement. It is a bill of review to set aside a decree entered against the complainants, at September term, 1815, on the ground of new matter and proof discovered since the entry of the decree.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

The ordinances of Lord Bacon still govern bills of review. They may be filed for error in law appearing in the decree, or for new matter or proof material in the case, of which the party had no knowledge at the hearing. There is some contrariety in the decisions, whether the newly discovered matter must not be such as would have been pertinent to the issue at the hearing. But the better opinion seems to be, that this is not necessary. If the matter be of a nature to have changed the decree, though foreign to the issue, it affords ground for a review. Story, Eq. Pl. § 416; Partridge v. Usborne, 5 Russ. 195; 3 Atk. 33; 2 Freem. 31.

There is also some want of concurrence in the authorities whether the new proof must not relate to facts which, at the hearing, were not attempted to be proved. And whether merely cumulative evidence of facts controverted at the hearing is admissible. If the new proof be of such a character as to have caused a different decree, it is not perceived why it should not be ground for a bill of review, whether it relate to new facts, or facts contested at the hearing. But whether the ground be newly discovered matter or proof, it must clearly appear that the party, at the hearing, had no knowledge of it, and could have had none by using reasonable diligence. Young v. Keighly, 16 Ves. 348; Ord v. Noel, 6 Madd. 127; Bingham v. Dawson, 1 Jac. 243.

A bill of review for newly discovered matter or proof, must be filed by leave of the court; for errors in law, it may be filed without leave. This is the English practice, and we have adopted it. The mode of application for leave to file such bill, is, by petition setting out substantially the original proceeding, and the new matter or proof on which a reversal of the decree is prayed. No such petition has been filed in the present case. Indeed, from the frame of the bill first filed, it was difficult to say whether it was an original bill for relief, a bill in the nature of a bill of review, or a bill of review. It partook more of the nature of an original bill than of any other. But amendments have been made, so as to give the bill now before us, the form of a bill of review. And the first question is, whether this bill, on a motion for leave to file it, shall be considered as a regular petition for such leave. Forms may sometimes appear tedious, if not unnecessary; but in judicial proceedings, they should never be lightly regarded. They are the result of experience and practical knowledge; and are often the best evidences of the law. They contain in themselves certainty, and when sustained by proof, lead to certain results. So far as regards the present proceeding, the formality of a petition is supposed to have been dispensed with. At a previous term, with a view to bring this case to a hearing, and meet the wishes of the counsel, an order was entered that the cause should stand for argument as on an application for leave to

file the bill, and also on the merits. This departure from form, induced by the peculiar circumstances of the case, is not to be drawn into precedent.

Before the enrolment of a decree, in England, a bill of review to set it aside does not lie, but a supplemental bill, or a bill in the nature of a bill of review. All decrees in that country, until their enrolment, are considered interlocutory; and this is the reason of the above rule. Coop. Eq. Pl. 88, 89; Mitf. Eq. Pl. (by Jeremy) 90. But in this country, generally, decrees are matters of record; and in the courts of the United States, they are uniformly so considered. Dexter v. Arnold [Case No. 3,856]. As the decree was entered in 1815, and this bill was not filed until 1835, the statute of limitations is relied on to bar the right of complainants. As a bill of review for errors apparent in the decree, is in the nature of a writ of error, the same limitation applies to it. Story, Eq. Pl. § 410; Smith v. Clay, Amb. 645; 3 Brown, Ch. 639. But it would seem the statute should not operate against a bill of review for newly discovered matter, only from the time of such discovery. Five years, by the statute, bars a writ of error; but five years from the discovery, in this bill, did not elapse before it was filed.

A reversal of this decree is asked, on two grounds. 1. A mistake in the calculation of interest. 2. Payments made by the conveyance of land, and otherwise, and not credited.

From the original bill, it appears that Nathaniel Massie, the ancestor of the complainants, acted, for many years, as the agent of Graham, of Virginia, in the sale of Ohio lands. That on the 7th of August, 1805, a settlement between the parties took place, in which Massie was found indebted to Graham in the sum of $12,674 96; for the payment of which, the 10th of September following, a bond was executed. Massie continued to act as agent until the 23rd of February, 1807, when his agency was revoked in a power of attorney given by Graham to Robert Means. Another settlement was had between Massie and Graham, by his attorney, Means, the 30th June, 1807, in which the debt of Massie was increased to $16,512 96. To secure this certain lands were mortgaged. A bond was also executed for $3,834 67, the 1st of August, 1807, payable 1st July, 1809. In November, 1813, Massie died, and in 1814 the bill was filed against his administrators and heirs, to foreclose the above mortgage. The court decreed a payment of the sum of $16,512 96, with interest on $12,674 96 from the 10th of September, 1805, the time the first bond became due; on the sum of $3,834 67, from the 1st July, 1807, the amount of the second bond, and the mortgaged premises were ordered to be sold, &c. It is insisted, that the bond for the sum of $3,834 67 included up to its date the interest on the first bond; and that the decree should only have required the payment of interest on the gross sum from the date of the last bond. This would make a difference between the sum decreed and the sum due of $1,373 12.

That the above mistake occurred, is not seriously controverted by the defendant's counsel. But they contend: (1) That this mistake is no ground for a bill of review; (2) that it was the result of negligence; (3) that there is a larger sum still due and unpaid under the decree, and they are willing to enter a credit for the amount claimed.

It is said, in Seton on Decrees, 399, that in case of miscasting and miscounting, where the matter appears from the decree itself to be mistaken, it may be corrected by an order. The court will at any time correct a mere clerical error in a judgment, where the error is apparent; and so in a decree where the error appears from the decree itself, it may be corrected in a summary mode by the court. But is such the error complained of?

In the first place, the error does not appear from the decree itself. It can only be made to appear by evidence showing the consideration of the second bond. Had that bond been given, as might well be presumed, for moneys received, or other ground of indebtment discovered with the first bond, the decree was correct. And its incorrectness can only be shown by proof that the second bond included the interest up to its date, on the first bond. The error, therefore, cannot be considered as merely formal, nor one which the court, on motion, may order to be corrected.

Are the complainants chargeable with negligence, in not discovering this evidence, and using it at the hearing? It is not enough that the evidence was not within the knowledge of the party at the hearing, but it must appear that it could not have been known, by using reasonable diligence.

In the cases of Bingham v. Dawson, 1 Jac. 244, and Harvey v. Murrell, Harp. Eq. 257, it was held that the absence of an inventory which might have been procured at the proper office by a search, could not be a ground for a bill of review. Young v. Keighly, 16 Ves. 348; Dexter v. Arnold [Case No. 3,856]; Livingston v. Hubbs, 3 Johns. Ch. 124. If there be any laches or negligence, the party is not entitled to relief. And the question here arises, whether there was negligence, in this case, chargeable to the complainants. The present complainants being infants at the hearing in 1815, they were represented by a guardian ad litem, appointed by the court. Still, if this guardian were guilty of gross negligence, it might conclude the rights of the complainants. But, in this respect, there is no proof of such negligence. It is hardly to be expected that the guardian should have searched for the memoranda of the second settlement. There was nothing on the face of the second bond to show that it included the interest on the first bond; and such a presumption could not arise. It was ascertained from the notes of the settlement; and these, under the circumstances, we do not

think the guardian was required to search for. Of this error in the calculation of interest the complainants may, therefore, take advantage by a bill of review; unless the remittitur proposed by the counsel for the defendants shall change their right in this respect.

By the calculation of the complainant's counsel, there remains unpaid on the decree only the sum of $1,042 73, exclusive of costs, a sum less, by $333, than the amount· erroneously charged for interest. This calculation adds the interest up to the time of the sale of the mortgaged premises. But the defendant's counsel produce a very different result, by adding the interest up to the time the money was paid. And this is in conformity with the decree. It avoids compound interest, by· ordering the payment of the two bonds, with interest from their dates until paid. This mode of calculation leaves a balance due on the decree including costs, after deducting the interest erroneously computed. A remittitur of this interest will correct the error complained of; and of course, in that particular, remove all ground for a bill of review.

An objection is made to the filing of this bill, on the ground that the decree, sought to be reversed, has not been performed. This is generally a good objection. But there are cases where a review of a decree is allowed, though it has not been performed. By one of the ordinances of Lord Bacon, the decree must be performed before a bill of review can be brought. If the decree be for land, the possession of it must be surrendered; if it be for money, the money must be paid. But if any act be decreed which extinguishes the party's right at common law, as making of an assurance or release, acknowledging satisfaction, or canceling of bonds, it may be dispensed with, on the special order of the court. So, where the party is unable to pay the money decreed. Story, Eq. Pl. § 406; Partridge v. Usborne, 5 Russ. 195, 244, 253; 2 Johns. Ch. 488; Mitf. Eq. Pl. (by Jeremy) 88; 1 How. Eq. Exch. side p. 329. The proposed remittitur being entered, this objection does not lie to the present bill, for the balance of the decree which remains unsatisfied is very small, and it may be a matter of doubt whether such balance will amount to more than the costs.

Before the other grounds for leave to file this bill are considered, it may be proper to inquire how far, on a petition for leave, matters of explanation or defence may be examined. In the case of Hodges v. Mullikin, 1 Bland, 506, the chancellor said, "on application for leave to file a bill of review, on the ground of newly-discovered matter, I consider more correct that the propriety of granting the leave should be at once fully investigated; that proofs should be admitted in relation to it; and that the question should be then finally determined." But this seems not to be the course of the court. If leave be given to file the bill, the defendant in his answer may contest the materiality of the evidence, and the fact of its having been newly discovered. On the petition a strong prima facie case should be made out, and, to prevent abuse in such proceeding, counter affidavits may be received, and other evidence against the facts stated in the petition. Dexter v. Arnold [supra]. But this being only a preliminary proceeding, the defendant ought not to be concluded from contesting the facts on the hearing of the· bill of review.

The second ground for leave to file this bill is, a receipt by Robert Means, agent for Graham, dated 31st July, 1807. This paper acknowledges the receipt of two notes; one given by Jozabad Lodge for two hundred and forty-six dollars; the other by John Timberlake, for three hundred and twenty-seven dollars and eighty-nine cents, due the 1st of October ensuing, "which said notes, when collected, to be paid John Graham on account of said Massie;" also, "received said Massie's relinquishment unto his portion of bonds and debts now due in the hands of Nathaniel Pope, the whole amount thereof being eleven hundred and fifty-two dollars and seventy cents, the one-third thereof being said Massie's proporition; and also bonds and debts not due for land sold by said Pope for five hundred and nine dollars and sixty-five cents; the one-third thereof being said Massie's proportion; that when all or part thereof is received, to be likewise applied to said Massie's credit with said Graham." Pope, in the sale of lands, was the agent of Graham, and also of Massie. No part of these sums were credited in the decree, and it is insisted that all of them should have been so credited. Nearly thirty-four years have elapsed since this receipt was given. Massie, Graham and Dunn, and perhaps Means, are dead. No explanation can now be given of the transaction, except what appears on the face of the receipt, and some memoranda in regard to subsequent dealings between Massie and Graham. To allow a review of a decree after so great a lapse of time, and under such circumstances, would require strong evidence. Evidence not clear, or which is susceptible of a different application, must be held insufficient.

This receipt, it must be observed, is dated the day before the last mortgage bond bears date. And as this bond was given on a settlement of accounts, subsequently to the other bond in the decree, which had been given on a prior settlement, the inference is at least plausible that the sums named in the receipt were to be credited on the bonds. And this inference, if weakened, is not overthrown by the words in the receipt that, "the notes (or money) when collected were to be paid to Graham on account of said Massie." To be paid, on account, in common parlance, may not always refer to an open account, but may mean to the credit of the party. The language of the receipt, therefore, does not necessarily lead to the conclusion that these payments were not to be made on the bonds. Other facts in the case, though not connected

with this receipt, may shed some light upon it.

Now if it shall appear that the settlement on which the second bond was given was not final, but that open accounts of monied and other transactions remained between the parties, the inference would be that the sums named in the receipt when paid were to be applied on such accounts. On the 18th December, 1809, Nathaniel Massie, in writing, acknowledged to Walter Dunn, to have received of Joseph West two hundred and twenty-one dollars, the 6th December, 1806, for John Graham, "which he would settle and account for at any time." And again, on the 23d of the same month and year, he acknowledged that he had received one hundred and twenty-six dollars and fifty cents, "on account of Graham, which he promised to pay to Dunn at any time." And it seems, by a paper signed by Massie, dated 10th May, 1810, that he was authorised to sell the land mortgaged to Graham, at a fixed price. And this paper shows that the bonds were unpaid at its date. It also appears, though not perhaps in an unexceptionable form, that certain sums specified in the receipt of Means, which were paid to Graham, he credited to Massie. The facts in the case fully establish, that, subsequently to the mortgage, Massie received moneys of Graham on land sales; that at the settlement on which the mortgage was given, all the moneys thus received were not embraced, and consequently the settlement was not a final one. This also appears from the correspondence of the parties and certain contracts respecting lands. So that if Massie ceased to be the general agent of Graham after the power was given to Means, he still continued to act as agent to some extent, not only in regard to past, but future transactions.

Taking into view the facts and circumstances which bear upon the receipt of Means, instead of showing that the sums named in the receipt were intended to be applied, when received, to the payment of the mortgage bonds, they rather lead to a different conclusion. And this, connected with the great lapse of time, must be held conclusive against the sufficiency of this ground for leave to file the bill.

The third ground relied on is, that payments on the mortgage debt were made by the conveyance of certain lands to Graham, and the payment of certain moneys to Dunn as agent for Graham. On the 22d June, 1810, Walter Dunn writes to Massie from Richmond, Virginia, that he had received one hundred sixteen dollars and sixty-nine cents, which he had entered to his credit with his uncle Graham. And the 8th May, 1811, Dunn received thirty-three dollars and thirty-three cents, being at Richmond, which were placed to Massie's credit with Graham. And also the 15th August, 1811, Dunn received one hundred and twenty-one dollars from Massie. These sums it is insisted should have been credited on the mortgage bonds, and that not having been so credited, nor in the decree, it is ground for a review of the decree. There is no evidence that these payments were made on the mortgage. And can such payment be inferred, when the evidence shows an open account of money and land transactions, between the parties, at the time of the payments? To authorize the leave prayed, it is not enough that the evidence should bring the mind to balance probabilities. The fact of payment, and of its having been newly discovered, must be clear. Such is not the proof in regard to the above items.

The complainants rely on two deeds for certain tracts of land executed by Massie to Graham, and a deed executed by Abijah Oneal to Graham, for three hundred and forty acres, for the consideration expressed of two thousand nine hundred and thirty two dollars, as showing a payment of that amount on the mortgage. There is no evidence of the consideration for these conveyances, nor how it was paid, except what the deeds contain. And there is nothing on the face of the deeds which show how the consideration was paid, or was intended to be applied. The facts in the case authorise a presumption that the lands were not conveyed in payment on the mortgage. It seems that in February, 1810, Massie owed Graham on account of warrants located, five tracts of land, amounting to four thousand five hundred and thirty-five acres. And that by an agreement executed the 19th November, following, Massie binds himself to convey to said Graham nine hundred and fifteen acres in addition. Without adverting to other and similar transactions between these parties, it may be assumed as highly probable, that the three tracts conveyed to Graham, as above, were conveyed to him on other considerations than payment on the mortgage.

The granting of a bill of review is not a matter of right. This is the import of Lord Bacon's ordinance. In the exercise of its sound discretion the court may refuse leave to file a bill for new discovered evidence, although the facts, if admitted, would change the decree. Story, Eq. Pl. § 417; Bennet v. Lee, 2 Atk. 528; Wilson v. Wall, 6 Wall. 83; Young v. Keighly, 16 Ves. 348; Partridge v. Usborne, 5 Russ. 245; Dexter v. Arnold [supra]; Thomas v. Harvie's Heirs, 10 Wheat. [23 U. S.] 146.

The grounds on which this application rests have been examined with some minuteness; and with the exception of the first one, which is obviated by a remittitur, there is no clear and satisfactory evidence of payment to any amount, having been made on the mortgage. Indeed, in every instance the presumption is rather against such payment. If, on such evidence, after the lapse of more than thirty years, the parties all being dead, a decree should be reviewed, great mischief would result. The application for leave to file the bill is overruled.