Hitchcock, J.
The original bill in this case was filed November 10, 1838, against the defendants, James Hey, Moses Dawson et al., praying, for reasons stated in the bill, that Hey might be restrained from prosecuting a certain action of ejectment against the complainant, and that the other defendants should be decreed to release to the complainant all right to part of lot 339, in Cincinnati, which was then in possession of the complainant, and to recover which the action of ejectment was prosecuted. The facts with respect to this lot, as charged in the bill, were, that in 1825, Stevens borrowed of Thomas Reddish, deceased, two hundred dollars, and, to secure payment, gave to Reddish a deed of- this lot, absolute upon its face, with a separate defeasance, and this debt was paid off with money borrowed of Dawson; but the land was not reconveyed by Reddish in his lifetime, nor by his heirs after his death. On the 11th of March, 1826, Stevens, by absolute deed, conveyed the same land to the defendant Dawson, and took back a bond, by which Dawson bound himself to reconvey, if Stevens should pay him two hundred and fifty dollars, with five dollars interest *315 for each thirty days; but if Stevens neglected to pay the interest for sixty days, then the bond to be void.'
On the 4th day of February, 1828, Stevens, the complainant, made to Dawson an absolute deed of the property, with covenants of warranty. On the 6th day of the same month, Dawson borrowed of defendant, Hey, one thousand dollars, and gave him a mortgage of that date on the property in question, with other property which was previously incumbered.
After several years had elapsed, and Dawson having failed to pay, Hey filed a bill in the Court of Common Pleas, to foreclose his mortgage; and at the November term, 1837, obtained a decree, finding due $1,525, and ordering a sale of the real estate in default of payment. On the 4th of June, 1838, a sale was made to- Hey of the mortgaged property. Hey then commenced his action of ejectment to recover possession of the property, Stevens having been from the beginning, and then being in possession.
The bill charges, that the deed from Stevens to Dawson, dated 11th of March, 1826, is a mortgage, and was so intended, and that the same has been paid Off, in work done for Dawson; that Dawson fraudulently recorded the deed; that the complainant has no recollection of the execution of the deed of 4th of February, 1828, and never did, knowingly, execute such deed, and says that complainant is ignorant of the effect of deeds.
Defendant Hey, in his answer, denies notice of the defeasance or conditions of 4he deeds as charged; avers that he loaned the thousand dollars upon the supposition that Dawson was the legal and equitable owner of the lot in dispute. Never heard that any person claimed the lot except Dawson, until after he had obtained his decree of foreclosure. He did not know that Stevens was in possession of the property,/nor did he inquire; finding, as his counsel informed him, that the title was free and unincumbered of record, he made no further inquiry.
*316 Hearing that Stevens claimed an interest in the lot, his counsel agreed to stay the sale to enable him and his friends to redeem the mortgage, which they had professed a willingness to do, but which they neglected until he bought in the property for his own protection.. He claims he is a purchaser for a valuable consideration, without notice of the equitable rights of Stevens, if any .exist.
Depositions were taken with a view to contradict the answer as to the fact of notice; and at the April term, the cause was submitted to the Court, and a decree entered in favor of the Defendant Hey. ' In the decree, the Court find -.the equity of the case to be with.the defendant Hey, and that he was entitled 'to charge the premises described in the bill with the payment of the money and interest due upon the mortgage, secured by the said mortgage executed'by the said Dawson to the said Hey, and that the said Hey had no notice, actual or constructive, of the equity claimed by the complainant,'when he received the said mortgage and loaned the money secured thereby, as is set forth in defendant’s answer.
The Court further found that the said Stevens was entitled, in equity, to redeem the .said premises, oh payment to the complainant of the amount of the decree, and all costs-and interest thereon, found due, or since accruing upon the decree rendered by the Court of Common Pleas of Hamilton county, upon which the premises'were sold, and purchased by said Hey, as set forth in his answer, amounting in the whole to $1,795.18.
It was thereupon' ordered, adjudged, and decreed, that the said Isaac Stevens be allowed to redeem the said premises from all the claims of said defendant thereon, upon the payment of the said sum found due with the accruing interest thereon, and the costs of the action of ejectment, wherein the said James Hey was plaintiff and the said Isaac Stevens defendant; the payment to be made to the said Hey, or his attorney, on the first day of November, 1840.
And it was further ordered and decreed, that upon the payment of said sum, the said Hey' should release to the said *317 Stevens, by deed, all right, title, interest and estate in. said prómises, by virtue of his mortgage, or his purchase under said decree; and that the said Stevens should also be substituted to all the right and claim which the said Hey had, or had held upon said premises, or any other premises, to recover the debt due him by said Dawson. It was further ordered and decreed, that if the said Stevens should fail to pay as aforesaid, on. the day named, the right to redeem said premises should thenceforth be foreclosed, cease and forever determine, and the complainant be barred from all- right under the decree. And it was further ordered, that the complainant should pay the costs.
The first error complained of in the decree is, that the Court erred in deciding that the notice of the existence of the equity of the complainant, in the. lot mortgaged, by Dawson to Hey, given to Henderson, the attorney of Hoy, was. not notice to Hey, the principal, and that the said Hey was not prejudiced thereby. ' /
■ The record does not show any such decision. The Court find, expressly, that Hey had no notice, actual or constructive, of the equity of the complainant. Now, -if the fact had been that Henderson was the attorney of Hey, and this attorney had notice, it would have been notice to Hey — a fact which is expressly negatived by the finding of the Court.
But it may be the object of counsel, by this assignment, to call in question the .correctness of the conclusion of the Court, as to the matter of fact. If the "court was mistaken as to the matter of fact, it would seem to be the more correct course to correct this mistake on a rehearing, than by review. It is not, I apprehend, the practice of the English Court of Chancery, on the hearing of a petition for review, to examine the proofs in the case. But, in that country, the facts are found by the Court, in the first instance, and if those facts sustain, or are a proper foundation for the decree, the bill of review must bo dismissed. The facts thus found are conclusive in" the case. The bill, answers and decree, what in this State we should call the record, is what comes before the reviewing court. In this *318 State, however, it has been held, that the original biff, answers, exhibits and depositions, are open for examination ; but this is only where the decree contains no statement of the facts found; 7 Ohio Rep. 373. Where the facts are expressly found, and stated in the decree, I can see no reason why the English practice should be departed from. In the case before us, there was no controversy as to the equity of the complainant. The only matter in issue was, whether Hey had notice of this equity. The Court found, from the evidence, that he had not. I think this should be conclusive. But if we go behind the decree, and look into the depositions, we find nothing to contradict the finding of the Court., There might be some doubt upon the subject; nothing beyond this. And this can be no reason why the decree should be reversed.
There are other matters assigned for error in the decree, but as they are not referred to by counsel, I deem it unnecessary to notice them, any further than to say, that there is nothing in them which would induce the Court to change the former decree.
The complainant claims that, since the decree was made, he has discovered new and material evidence, which was unknown to him before, and seeks to have the decree reversed on this account. This newly discovered evidence, consists in the admissions made by Hey as to the agency of Henderson, and of certain receipts,.which go to show that the amount found to be due to Hey, by his decree against Dawson, is greater than the amount actually due to him. It will be seen that these matters were before the Court on the former hearing. The great point in controversy was, as to the notice. Upon this there was much testimony. And the proof of tlie declarations of Hey, would be merely cumulative evidence. Should the decree, be reversed, merely to let in cumulative evidence ? It seems to us not. If such rule was to be adopted, it is difficult to see where a case could be ended. As often as a new witness was discovered, there must be a review, and nothing short of a statute of limitations would put an end to the litigation. Such seems to *319 be the opinion of Chancellor Kent, in Livingston v. Hubbs, 3 Johns. Ch. Rep. 124. As to the receipts, it does not appear but that the evidence with respect to them, or the receipts themselves, might have been had upon the hearing, by the exercise of the most common or ordinary diligence. And where a party by his own negligence has sustained a loss, he cannot, with propriety, call upon a Court of Chancery to relieve.' He ought, at least, to show that he has made use of such diligence, as would justify a court in continuing a case before trial. Justice Story,- in his treatise upon Equity Pleadings, section 414, says, that “ the matter must not only be new, but it must be ‘ such as the party, by reasonable diligence, could not have ‘ known; for if there be any negligence or laches in this re- ‘ spe'ct, that destroys the title to the relief.” ■
On full consideration, we are of opinion that there is nothing erroneous in the original .decree, and that the bill of review, be dismissed, with costs'. ■ ■