JOHN HANDY *v.* HENRY M. COBB et ux.

1. CHANCERY PRACTICE—DEMURRER—PRO CONFESSO.—Demurrer to the bill was overruled, and leave given to defendant to answer in ninety days, and within that time he filed a plea setting up matter of defense ; but without any action upon such plea, a *pro con fesso* was entered against defendant for failing, as recited in said order, to plead or answer, etc., and thereupon, a final decree was renderered—this was clearly and manifestly erroneous.

2. BILL OF REVIEW.—A bill of review may be brought when error of law is apparent on the face of the decree ; or where new matter hath arisen in time after the decree ; or on the special license of the court on new proof come to light since the decree, and which could not possibly have been used at the hearing.

3. SAME.—A bill of review is in the nature of a writ of error, and can only be brought upon a decree final, signed and enrolled, or if it is not enrolled, it must be complete and final. Dexter v. Arnold, 5 Mason, 310 ; Massie v. Graham, 3 McLean, 41.

4. ARBITRATORS—EFFECT OF AWARD—PRACTICE.—Where the parties to a suit, without any formal submission, order or will of court, agree to refer to arbitrators, all the matters in difference between them, and it appears that it was the intention to defer to the decision of the arbitrators as the decision of the court, the "award when returned and approved by the court,".will have the same effect, as if made under a regular order or rule of submission, as the final judgment or decree of the court. Rev. Code, 371.

5. MARRIED WOMAN—SUBMISSION TO ARBITRATION—STATUTE.—The property in controversy having been conveyed to Mrs. C., as her separate estate (not settled upon her with a general power of disposition), she could not, without the concurrence of her husband, make a disposition of, or release her interest in the same ; and her agreement to submit to arbitration a controversy touching her title thereto, is void, and of no effect. The statute in regard to arbitrations and awards, does not give to minors or *femes covert* authority to agree to submissions to arbitration.

Appeal from the chancery court of Tishomingo county. LOVERING, J.

The facts sufficiently appear in the opinion of the court. Appellant assigned the following errors :

1st. The court below erred in allowing the bill of Cobb and wife, styled by them a bill of review, to be filed.

2d. The court erred in overruling the demurrer to the bill of review.

3d. The court erred in entering a *pro confesso* decree on the 7th of October, 1869, against appellant without disposing of the plea of appellant filed on the 22d day of September, 1869, and in entirely ignoring said plea.

4th. The court erred in setting aside the final decree rendered in favor of the appellant on the 26th March, 1866, on the award of the arbitrators, and reinstating said cause on the docket.

5th. The court erred in embracing in the final decree on the bill of review an order or decree against appellant for the delivery of possession of the lands and premises mentioned in said decree, and commanding the sheriff to immediately eject him from the premises in contest.

*Harris & Withers*, for appellants.

We take it for granted that the decree in this case

will be reversed.  The *pro confesso* and final decree were taken without disposing of the plea of the defendant, which had been filed some time previous.  The entire scope and object of the bill of review is to open the decree, and it is unprecedented that in such a proceeding the property in controversy in the original suit should change possession. The demurrer of appellant to the bill of review should have been sustained, and the bill dismissed.

To authorize a bill of review there must be error of law in the face of the decree or a distinct allegation of the discovery of new matter.  Mitford's Pl., side pp., 83, 84.  But here the appellees seek to open, 1st. Because there was no rule of court for the submission of arbitration; 2d. Because Mrs. Cobb was a married woman, and there was no privy examination of her upon such submission.  This first objection is fully answered by the case of Ware v. Regan, 30 Miss., 83 ; the act 1822 being almost *verbatim* with the act of 1857. To the second objection we reply, that it is immaterial whether Mrs. Cobb was privily examined or not.  Her husband was the party interested really, the naked legal title having been placed in the wife at the instance of the husband, and without the knowledge or consent of the appellant; and with intent to defraud him.  Mrs. Cobb paid nothing for the property, had full notice, and took the naked title subject to the claims of appellant for an undivided half interest, and the resulting trust in his favor was just as operative, as if the title had been made directly to her husband.

At common law a *feme covert* could not enter into a binding arbitration bond, or other binding contract, only in a few exceptional cases ; but under our statutes, her right and powers have been greatly extended.  By Revised Code, 383, art. 31, she may, in any proceedings at law, or in equity, make any law that may. be necessary in the proceeding. The act concerning arbitrations, etc., Rev. Code, 371, is general in its terms, making no exceptions as to married women.

Simrall, J.:

Henry M. Cobb, and Emily, his wife, exhibited a bill of review against John Handy, to vacate and set aside a decree obtained by Handy against them. The *gravamen* of the bill is, that the matters in controversy in the original suit were submitted to arbitrators, who made a report which was confirmed by the court. But that Emily, in whom was the legal title to the lands in dispute, was a married woman, the wife of Henry M. Cobb, and that she was incapable of binding herself by the submission.

A demurrer to the bill was overruled, and leave given to the defendant, Handy, ninety days to make further defence. Within the ninety days, Handy filed a plea, setting up that all the matters of difference in the original suit were submitted to arbitrators, who made a report, which was confirmed by the court. This plea was not heard on its sufficiency in law, nor was its truth controverted ; but, without any action upon it, a *pro confesso* was taken against defendant, Handy, for failing, as recited in the order, " to plead or answer ;" and, therefore, a final decree was made. This was manifestly error. The cases in which a bill of review may be brought, are settled and declared in the ordinances of Lord Chancellor Bacon, which ordinances have always been closely adhered to. 1st. Error of law apparent on the face of the decree ; 2d. New matter which hath arisen in time after the decree ; 3d. On the special license of the court, on new proof come to light since the decree, and which could not possibly have been used at the hearing. Story's Eq. Pl., § 403. In England, it is the practice to recite in the body of the decree, the leading facts upon which the decree rests. In America, the practice generally is, to omit a recitation of the facts which conduce to the decree, embodying in it only the relief granted. Because of this difference, the court is not, with us, confined to the " body of the decree."

A bill of review is in the nature of a writ of error, and can only be brought upon a decree final, signed and enrolled. If there does not obtain the ceremony of enrolling, there

must exist the equivalent fact, that it is complete and final. Dexter v. Arnold, 5 Mason, 310; Massie v. Graham, 3 McLean, 41.

The decree sought to be reviewed is final. It is a confirmation of the award of the arbitrators, which thereby becomes the judgment of the court, on which process may issue. Rev. Code, 371. But was this suit and the matters in controversy, referred to arbitrators in accordance with the statute ? There was no formal submission, under a " a rule of court." But it abundantly appears that the parties intended to refer to the decision of the arbitrators,* as the decision of the court and in lieu of it. When the " award is returned and approved by the court," it shall have the same effect as the final judgment or decree of the court." The language of the statute is : " And the award of such referrees being made and returned according to the rule, or submission of the parties." This implies that if the parties submit to referrees, it shall be as good as if the court by rule, made the reference. It conveys the idea that a submission by the parties of a pending suit to referrees, is as effectual as a " rule " or " order " of court, reciting their consent to refer, and when in either case, the award is reported and " approved," it is, or shall have the same effect as the judgment or decree of the court.

But has the wife power to consent to an arbitration, especially when her heritable interests in lands are involved? The words of the statute are broad enough to include *femes covert* and infants. " In all suits or actions," " it may be lawful for the plaintiff or defendant to consent to a rule for reference," etc. It is the " consent," which gives efficacy to the reference, rather than the action of the court. A submission to an award, is an act in the discretion of the parties; therefore, every one capable of making a disposition or a release of his rights, may refer to arbitration. Comyn. Dig., title, Arbitration, D., 2 Billing on Admr., 27.

A married woman, being under disability, cannot, as a general rule, make the agreement to submit. Kyd on

Awards, 35; Comyn Digest, (*supra*). She may, however, if she has a general power of disposing of property, settled to her sole and separate use. Hulme v. Tennant, 1 Bro. Ch. R., 16. So the wife of a man civilly dead, or a *feme covert* trader, by the custom of London; for in these cases, the wife, to all intents, is, or acts as a *feme sole.* But it is only over matters with respect to which she has the capacity of a *feme sole,* and touching which coverture is no disability, that she can make the agreement. Mrs. Cobb would not, without the concurrence of her husband, make a disposition of or release her title to the land in controversy. The property was not settled upon her with a general power of disposition notwithstanding her coverture. Her rights are controlled and defined by the statutes on the subject of separate property of married women. We do not think that the statute in regard to arbitrations and awards, gives, or was intended to give, the authority to agree and consent to parties who were under the disability of minority or coverture; and that, therefore, the award is not obligatory on Mrs. Cobb. The fact that Mrs. Cobb was covert, appears on the face of the pleadings and record, and to give, by confirmation of the award, the force and effect of a decree to it, by which she was to be divested of her title to half the lands, was an error of law, for which the decree may be reviewed and reversed. There was no error, therefore, in overruling the demurrer to the bill. For the error of pronouncing final decree whilst the decree is pending, the decree must be reversed. But the chancellor, however, on final hearing, in no event, can go further than to vacate the decree, which would leave the original suit pending for further proceedings, as though no award had been made.

Decree reversed.