Traphagen v. Voorhees.

---

THE EXECUTOR OF FANNY TRAPHAGEN, deceased,

*v.*

PETER VOORHEES.

To get leave to file a bill of review on the ground of newly-discovered evidence, the applicant must show (1) that he has new competent evidence, so material as to convince the court that its decree is erroneous, or to raise a question of so much difficulty as to be the fit subject of a judgment in the

cause; (2) the new matter must be set forth in such form that the court may see that it is admissible; (3) new oral evidence, if weighty enough, will be sufficient; (4) evidence simply tending to impeach the character or impairing the credibility of witnesses will not be sufficient ; (5) the applicant must show, by a statement of facts or circumstances, that the nature, situation or condition of the new matter was such that he could not, by the use of reasonable diligence, have discovered it in time to have made use of it on the final hearing; (6) the court will not be governed by the opinion of the applicant on this point, but he must lay the facts before the court, so that it may form its own judgment.

On application for leave to file a bill of review.

*Mr. Theodore Runyon,* for the applicant.

*Mr. H. A. Fluck,* for the defendant.

VAN FLEET, V. C.

This is an application for leave to file a bill of review on the ground of newly-discovered evidence. The case has already been twice heard, first on final hearing, and afterwards it was reheard on the application of the complainant. The subject of the dispute is a sum of money which was paid into court under a decree of interpleader.

The litigation between these parties had its origin in certain transactions, which, for present purposes, may be sufficiently described as follows: The defendant, Peter Voorhees, gave his bond to Fanny Traphagen, dated March 31st, 1881, conditioned for the payment of $4,000·on the 1st day of April, 1882, with interest. The payment of the bond was secured by mortgage, executed by the defendant and his wife, on a farm in Somerset county. Fanny Traphagen died testate on the 1st day of October, 1885. At the time of her death, the bond and mortgage were in the possession of her counsel, with her other securities. Shortly after the testatrix's death, and when the bond and mortgage were produced for appraisement, the defendant claimed that the debt which they represented had been paid, and that he was entitled to have them surrendered to him. In support of his claim, he produced a receipt, dated April 2d, 1883, signed by the

testatrix, admitting the payment of both principal and interest,. and containing at its end these words: "Bond to be canceled after my death." The complainant refused to surrender the bond and mortgage. The defendant, in March, 1884, conveyed the mortgaged premises to John Kuhl, subject to the mortgage, and afterwards, in June, 1886, he brought an action at law against the complainant, not as executor, but as an individual, to recover the value of the bond and mortgage, basing his right to such recovery on the complainant's refusal to surrender them. In July, 1886, the complainant filed a bill in this court for the foreclosure of. the mortgage, and Kuhl thereupon filed a bill of interpleader, and paid the mortgage debt into court. Subsequently, a decree was made in the interpleader suit, requiring the complainant and defendant to interplead, and settle their claims to the money in court by proceeding with the foreclosure suit to final decree. The money was awarded to the defendant both on the final hearing and the rehearing. The contest, on both hearings, was confined, almost entirely, to the honesty and validity of the defendant's receipt. It was contended, first, that the receipt was not an honest paper, because it had been altered in a material part after the testatrix signed it; and, secondly, it was said that if it was an honest paper it was without legal force,. as it was manifest, on its face, that it was intended either as evidence of a gift, or as evidence of a contract to release or discharge the mortgage debt. And the argument was, that if it was. intended as evidence of a gift, no effect could be given to it, inasmuch as no actual delivery of the bond and mortgage had been made; and further, that if it was intended as evidence of a contract, it could not be enforced as a contract, because no consideration had been shown sufficient to support it. For the reasons stated in its opinion, the court decided that neither ground was. well taken, and awarded the money to the defendant. *Trapha-gen* v. *Voorhees, 17 Stew. Eq. 21.*

The fundamental law on the subject of bills. of review is. Lord Bacon's first ordinance. That ordinance reads as follows : "No decree shall be reversed, altered or explained, being once under the great seal, but upon bill of review; and no bill of.

Traphagen *v.* Voorhees.

review shall be admitted except it contain either error in law appearing in the body of the decree, without further examination of matters in fact, or some new matter which hath risen in time after the decree, and not any new proof which might have been used when the decree was made; nevertheless, upon new matter that is come to light after decree made, and could not possibly have been used at the time when the decree passed, a bill of review may be grounded, by the special license of the court, and not otherwise." *Beames Orders 1.* This ordinance has been held to mean, as enforced in practice, that when leave is asked to file a bill of review, on the ground of newly-discovered evidence, the applicant, to succeed, must make it appear that the new evidence is relevant and material. Lord Eldon, in *Young* v. *Keighly, 16 Ves. 348,* said that the new evidence must be evidence of a fact materially pressing upon the decree; and Chancellor Kent, in *Livingston* v. *Hubbs, 3 Johns. Ch. 124, 127,* said: "It must be matter of fact materially relevant and pressing upon the decree." Judge Story, in *Jenkins* v. *Eldredge, 3 Story 299, 311,* said: "It must be evidence bearing directly on the very merits of the case, and affecting the very foundation of the original decree." In *Hungate* v. *Gascoyne, 2 Phill. 25,* Lord Cottenham said, in substance, that the question in such cases was not merely whether the evidence was material, but whether, looking at the case made on the other side and the whole mass of the evidence adduced on the former hearing, what is proposed to be brought forward, if adduced on the original hearing, would have been likely to have altered the judgment which the court then came to. And Sir John Leach, in *Ord* v. *Noel, 6 Madd. 127,* said that the new matter must be such as, if unanswered, would either clearly entitle the complainant to a decree, or raise a case of so much nicety and difficulty as to be the fit subject of a judgment in the cause. The rule, as thus stated by Vice-Chancellor Leach, was adopted by Chancellor Vroom, in *Quick* v. *Lilly, 2 Gr. Ch. 255.*

There are authorities which seem to hold that leave should not be granted simply to let in new oral testimony as to facts which were controverted on the final hearing, and that as to these facts

nothing short of written evidence will lay a sufficient foundation
for a bill of review. In *Gilbert's Forum Romanum, ch. 10 p. 186,*
it is said, the court, under a bill of review, will examine into
nothing that was in the original cause, unless it be new matter
happening subsequent, which was not before in issue, or upon
matter of record or writing not known before. Lord Talbot, in
*Taylor* v. *Sharp, 3 P. Wms. 371,* held that the new matter must
be a release or receipt, or something of that kind, for, unless the
new evidence was limited to evidence in writing, a vexatious
person might resort to a bill of review as a means to oppress his
adversary and to keep the cause from ever being at rest. This
case was cited with approval by Chancellor Kent in *Livingston*
v. *Hubbs, supra,* and *Livingston* v. *Hubbs* was, in turn, cited
with approval by Mr. Justice Nelson in *Southard* v. *Russell,*
*16 How. 547, 569.* Judge Story, in deciding *Dexter* v. *Arnold,*
*5 Mason 303, 314,* seemed to understand *Livingston* v. *Hubbs* as
holding that the new evidence, to be sufficient to entitle a party
to leave to file a bill of review, must not be a mere accumulation
of oral evidence as to a fact which was in issue on the final hear-
ing, but must consist of some stringent written evidence or newly-
discovered paper. This is the doctrine which the court of appeals
of Kentucky laid down in *Respass* v. *McClanahan, Hard. 342,*
and which Judge Story thought was supported by sound reason.
*Dexter* v. *Arnold, supra; Jenkins* v. *Eldredge, supra.* There
are other authorities, however, which expressly hold that any
evidence, whether written or oral, and whether it relates to facts
which were controverted on the final hearing or to entirely new
facts, which is so material and cogent as to convince the court
that if the new evidence had been before it on the final hearing
it is highly probable that a different result would have been
reached, or a different decree would have been pronounced, will
be sufficient to entitle the applicant to leave to file a bill of
review. *Massie* v. *Graham, 3 McLean 41; Thomas* v. *Raw-
lings, 34 Beav. 50,* and *Long* v. *Granberry, 2 Tenn. Ch. 85,* are
authorities of this kind. The principle they establish was
followed by this court in *Perkins* v. *Partridge, 3 Stew. Eq. 559.*
The new evidence, upon which the application in that case was

grounded, consisted almost entirely of oral proofs. The application was rejected, not because the new evidence was not of the right kind or class—that is, not because it did not consist of written matter, but because it appeared that a part of it could, by the use of reasonable diligence, have been discovered in time to be used on the final hearing, and because the residue of it was, in the judgment of the court, so light in weight as to be immaterial. In my judgment, no consideration of either justice or policy exists why oral evidence, if it is of sufficient weight to convince the court that its decree is erroneous, and it is shown that it could not, by the use of reasonable diligence, have been discovered in time to be used on the final hearing, should not be held to be a sufficient ground for granting leave to file a bill of review.

But newly-discovered evidence which simply tends to impeach the character or impair the credibility of witnesses, examined on behalf of the successful litigant, has never been regarded as a sufficient ground for giving leave to file a bill of review. *Livingston* v. *Hubbs, supra; Jenkins* v. *Eldredge, supra; Southard* v. *Russell, supra.*

Another indispensable requisite is, that the evidence, on which the application is grounded, must not only be new and material, but the applicant is bound to show that the nature, condition or situation of the new evidence was such that he could not, by the use of reasonable diligence, have discovered it in time to have made use of it on the final hearing. In the language of Lord Eldon, in *Young* v. *Keighly, supra:* "The question always is, in cases of this kind, not what the complainant knew, but what, using reasonable diligence, he might have known." There has never, so far as I can discover, been any diversity or contrariety of judicial opinion on this point. Some of the cases, showing how this doctrine has been applied and enforced, are cited in a note to section 414 of *Story's Equity Pleadings.* The best *résumé* of the law on this subject which can, perhaps, be found, is that given by Lord Kingsdown, in pronouncing the opinion of the privy council, in *Hosking* v. *Terry, 8 Jur.* (*N. S.*) *975.* He said: "The party who applies for permission to file a bill of review,

on the ground of having discovered new evidence, must show that the matter so discovered has come to the knowledge of himself, or of his agents, for the first time, since the period at which he could have made use of it in the suit, and that it could not, with reasonable diligence, have been discovered sooner ; and, secondly, that it is of such a character that if it had been brought forward in the suit it might probably have altered the judgment."

The question, whether or not the complainant is entitled to prevail in his application, must be determined by the principles above stated. The newly-discovered evidence, on which his application rests, consists of two classes: first, of what one of the defendant's witnesses had said respecting the receipt on which the defendant rests his claim to the surrender of the bond and mortgage, and also of an admission, by the same witness, showing bias in favor of the defendant; and, second, of what a new witness will testify respecting the receipt.

Hannah Jerolaman testified on the final hearing on the call of the defendant. The complainant says that he can now prove, by a witness by the name of Melick, that Hannah has said, since the final hearing, that no such paper as that produced by the defendant was executed by the testatrix, and that the same was a fraud, and also that Hannah said, in the same conversation, that the defendant had loaned her money, and would loan her money when no one else would, and that she did not intend to go back on him. And also that Hannah, on another occasion, said to two other persons, that the receipt held by the defendant was a put up job and a fraud. As I understand the law regulating the competency and admissibility of evidence, no part of this new evidence would have been admitted, even if offered, on the final hearing of the case, except, possibly, that part of it which tends to show bias; and as to that, the rule is settled. Evidence merely tending to show bias, or simply going to the credit of a witness, is not sufficient as the basis of a bill of review. Hannah Jerolaman gave no evidence whatever respecting the receipt. So far as appears, she knew nothing at all about either its origin or history. She did not testify that she had ever even seen it. She made but two allusions to it in her evidence; she said she knew

that the defendant claimed to have a receipt; and she also said that the testatrix, a few days before she died, told her that she (the testatrix) had given the defendant something—a paper or something—so that he would be paid after her death. In this condition of the proofs, it would seem to be entirely clear that the new matter cannot properly be called evidence. At most, it is simply the unsworn statement of a person who happened to be called as a witness by the defendant, concerning a matter about which she gave no evidence when a witness, and about which, so far as appears, she spoke without the least personal knowledge. But, if it were assumed that she spoke with the most perfect personal knowledge, still, it is manifest that what she said is mere hearsay, and not evidence.

The complainant, in the second place, says that he can prove by Ann Hoffman that no paper or receipt, by which the testatrix gave or promised to give the bond and mortgage in question, or the principal thereof, to the defendant, was executed by the testatrix at the time the receipt bears date, and that, at the time the receipt bears date, the testatrix was not at all friendly with the defendant. Whether this evidence is competent, material or relevant, indeed, whether it is legal evidence or not, depends entirely upon the source from which the witness derived her knowledge. That is not disclosed. If the witness derived her knowledge from the testatrix, by a communication made to her by the testatrix, when the defendant was absent, such knowledge, it is clear, would not be evidence. And such would be the case if the knowledge was communicated to the witness by any person except the defendant himself. But if the fact is that the witness was present when the receipt was signed, and saw it and read it, and knows that since it was signed it has been altered from a receipt for $240 to $4,240, her knowledge would not only be competent as evidence, but it would, in all probability, be also decisive of the present application. Nothing of that kind, however, is either alleged or sworn to. The burden is on the complainant. To induce the court to give him permission to pursue the defendant with further litigation he is bound to show, clearly and plainly, that he has newly-discovered competent evidence of a

highly weighty character, which, in consequence of its nature, situation or condition, it was not possible for him, by the use of reasonable diligence, to have discovered in time to use on the final hearing. To simply make a case which shows that the complainant has new matter which may be material, if it is competent as evidence, but which fails to show that the new matter is competent, is not sufficient. The court should not permit a bill of review to be filed in a case where the bill may be entirely vain and fruitless. *Bennet* v. *Lee, 2 Atk. 529.* To permit an unsuccessful suitor to experiment with his successful adversary, in such manner that he is deprived, for a long time, of the enjoyment of the property which the court, by its judgment, has awarded to him, and so that the litigation is made very expensive and protracted, may not deserve to be called a denial of justice, but it may prove to be a ruinous delay of justice.

The complainant's case, in another respect, is, in my judgment, fatally defective. The complainant does not show, by a statement of facts or circumstances, that he could not, by the use of reasonable diligence, have discovered the new matter in time to have made use of it on the final hearing. It is true, he declares, both in his petition and affidavit, that that is the fact, but his statement in that regard is merely his conclusion or opinion. He gives no facts. His opinion is not evidence. The applicant, in such a case, must set forth the facts and circumstances, so that the court may judge for itself whether or not reasonable diligence has been used. Simply stating his conclusion or judgment is not evidence, and amounts to nothing at all. The cases are uniform on this subject. *Dexter* v. *Arnold, supra; Massie* v. *Graham, supra; Jenkins* v. *Eldredge, supra; Long* v. *Granberry, supra; Young* v. *Keighly, supra; Rubber Co.* v. *Goodyear, 9 Wall. 805.*

The application must be denied, with costs.