The complainant and defendant are sick and death benefit societies. The bill is filed to compel the defendant to turn over its property, it being alleged that it had combined with the complainant pursuant to the provisions of section 6 of "An act to incorporate associations not for pecuniary profit" (Comp. Stat.p. 125) under which each was incorporated. The alleged merger took place at a meeting held February 5th, 1925. The law as it stood then authorized combining by a vote of the trustees, ratified by a vote of a majority of the members of each association. The membership of the defendant was one hundred and eleven or one hundred and fourteen. At the hearing the proof was that the trustees of the defendant had not voted for the merger and that it was not ratified by a majority of all the members, and it was held that a merger had not been effected. *Page 513 
On this motion the complainant offers to prove that the testimony of one of the witnesses who had testified that she was one of the two trustees and that she did not vote for the merger is false in respect of her statement that she was a trustee. It is also offered to show that the two de jure trustees voted to combine. The complainant had its day in court, and if what it now says is the fact it was within its knowledge or it could have informed itself by reasonable inquiry. It cannot be again heard. What is now offered is not newly-discovered evidence. Only newly-discovered evidence, previously undiscoverable by ordinary efforts, material, and calculated to change the result reached, will serve to obtain a new trial or hearing. Warner v. Warner,31 N.J. Eq. 549; Traphagen v. Voorhees, 45 N.J. Eq. 41;Richardson v. Hatch, 68 N.J. Eq. 788; Feinberg v. Feinberg,70 N.J. Eq. 420; Richards v. Shaw, 77 N.J. Eq. 399.
But aside from the prevailing rule just indicated, there is nothing now forthcoming to show that a majority of the defendant's members voted to combine. The proof at the hearing was that at the ratification meeting thirty-three voted in the affirmative and nine in the negative. There is nothing to gainsay this.
Complainant's counsel erroneously insists that the merger is governed by an amendment of the act of 1925, which authorizes a majority of a quorum of twenty-five per cent. of the members to ratify a merger. This amendment went into effect March 18th, 1925 (P.L. p. 455), and it is prospective.
Motion is denied.
NOTE. — The certificate of amalgamation has no verifying oath annexed as required by the statute. *Page 514