The defendants seek to file a bill of review upon the ground that they have discovered new evidence. The facts which they present, in my opinion, are merely corroborative, and not such as to convince the court that its decree is erroneous. I do not feel that the facts presented would raise a question of such difficulty as to be a fit subject for a judgment in the cause.Traphagen's Ex'r v. Voorhees, 45 N.J. Eq. 41.
The matters set forth in defendants' petition disclose they wish to submit evidence to disprove the testimony of the complainant and his witnesses that the deed was executed in Schenectady, in the State of New York. That question was disputed by them at the hearing, and the court considered *Page 534 
it with all the rest of the evidence. The defendants now declare they did not expect that testimony showing the execution of the deed in Schenectady, New York, would be offered at the hearing, but, nevertheless, they were prepared for it and met it with a denial. They insist that, since the hearing, they accidentally met Antonio Tabacchi, who was present at the home of Mary Caliri in Guttenberg, New Jersey, on November 12th, 1931, at which place and time he was informed by the complainant that he had "succeeded in getting his brother to execute a deed to him."
The defendants are endeavoring to show by Tabacchi that the deed was executed in Guttenberg and not in Schenectady; but Tabacchi also says he was not present in the room when the deed was alleged to have been executed; his testimony seems to be limited to the above recited conversation with the complainant.
The other new witnesses, Mary Fischetti, Anna Gates and Jerry DiSalvo, mentioned in the defendants' petition, would give evidence that was offered and disputed at the hearing, which is purely corroborative or cumulative. I do not believe the evidence, expressed in the petition, is in its nature new, nor, if it were allowed, would, in my opinion, change the result. St.George's, c., Society v. Society of St. Urzule, 102 N.J. Eq. 512; Crandol v. Garrison, 115 N.J. Eq. 11.
The application of the defendants, therefore, will be denied. *Page 535