LEVI HUGHES, ADM'R OF
JOSIAH HUGHES
vs.
MARY JONES, ADM'X DE
BONIS NON C. T. A. OF
JESSE HUGHES.

JULY TERM, 1851.

[APPLICATION FOR REHEARING—BILLS OF REVIEW—CHANCERY PRACTICE.]

THERE can be no doubt of the power of the court to grant applications to re-hear causes, and for liberty to file supplemental bills in the nature of bills of review, upon the ground of new matter discovered since the decree. The regular mode of presenting such application is by petition.

It is equally clear, that these applications address themselves to the sound discretion of the court, and do not rest upon a foundation of strict right, which may not be disregarded.

The court is at liberty to look into all the circumstances of the case, and if, upon full consideration of them all, it comes to the conclusion, that opening the decree and rehearing the cause, would be productive of mischief to innocent parties, or is for any other reason inexpedient, it may refuse to do so, though the facts, if admitted, would vary the decree.

The qualification to the rule entitling a party to a bill of review, upon the discovery of new matter, subsequent to the period when it could have been used, that the matter must not only be new, but such as the party could not have known by the use of reasonable diligence, is as firmly settled as the rule itself.

Any laches, or negligence, by the party making the application, will destroy his title to this kind of relief.

This case had been pending for nearly eleven years—a great amount of testimony had been taken, and at great expense, and with the consent of both parties, had been submitted to the court after full argument by counsel. The witness, whose newly discovered testimony is now sought to be introduced, lived in the family of the uncle of the party making the application, from, and before, 1815, till 1821, and did not remove from the county where the cause originated, until long after its pendency, and has since resided in the city of Baltimore, and the petition does not state, that by the use of reasonable diligence, the knowledge of the new matter might not have been acquired in time to be used when the decree passed. HELD—

That, under these circumstances, it would be contrary to the settled rules of the court upon this subject, to grant the application for a rehearing.

It is better that individual injury should sometimes be inflicted, than that rules established to prevent general mischief, should be broken down.

[The opinion of the Chancellor, delivered at the final hearing of this cause upon its merits, and which also contains

26

a full statement of all the facts and proceedings therein, has already been reported. *(Ante, page* 178.) Previous to that decision, to wit, on the 27th of March, 1851, upon a petition filed by the defendant, praying leave to take new testimony discovered since the return of the commissions, and since the cause had been set down for hearing, the Chancellor passed the following order: "Ordered, that a commission issue to Samuel W. Jones and William S. Waters, of Somerset county, to take further proof in this case, as prayed, and that such further proof be read at the hearing thereof, provided, that the hearing of said cause shall not be delayed by reason of this order, unless the complainant should ask for the delay. The additional proof, to be taken under this order, to be taken on three days notice to the opposite party, or his or her solicitor." No delay having been asked for by the complainants, the cause was submitted and argued, and the opinion already referred to, delivered on the 29th of April, 1851.

After this, to wit, on the 28th of May, 1851, the complainant filed a petition for a rehearing of the cause, upon the point of the title to negro Isaac, in which it is stated, that since the argument of the cause, viz. being the week succeeding the 28th of April, 1851, the complainant had discovered new and material testimony in reference to the said negro Isaac. That Joshua Reece, a competent witness, would prove the following facts, to wit, that Isaac was for some two years, or thereabouts, in the possession of Jesse Hughes, and claimed by him until, by his services, he had worked out about thirty or forty dollars, a balance of money which said Jesse had paid for said Josiah Hughes, as the said witness had understood from Jesse; that Isaac was restored by said Jesse to Josiah, some time before said Josiah's death, the said Jesse, admitting himself to be repaid, and said negro to belong to said Josiah; that Isaac then remained in the possession of said Josiah, from that time until his death, and that the witness lived in the family of Jesse Hughes, before the year 1815, and until the death of said Josiah.

The petition then states, that the witness removed from

Somerset county many years ago, and has been a seafaring man, engaged for many years as commander of a vessel, trading from Baltimore, down the Chesapeake bay, to the western shore of Virginia and elsewhere, and that complainant was not aware that he, witness, could prove the above facts, until the time above mentioned, and then prays that the order of the 29th of April, (which was passed at the time the opinion before reported was given, and refers the case to the Auditor, to state accounts upon the principle therein decided, and with leave to take testimony in relation thereto,) be opened and the cause reheard.

To this petition the defendant filed an answer, in which she states, that she has no knowledgo or information other than what is contained in said petition, that Reece, the proposed witness, has any knowledge, or is able to give any testimony, touching the title to the negro Isaac. She admits that the witness lived in the family of Jesse Hughes, before 1815, and afterwards, and perhaps until 1821, but avers that he was young, and not likely to take notice of business transactions, that he could not have been more than thirteen or fourteen years of age in 1815. She does not admit, nor believe, that he will give any such testimony as is stated in the petition. She admits that Reece lives in the city of Baltimore, with his wife and family, that he is a boatman engaged in navigating a vessel in the Chesapeake bay, but denies that it has been many years ago, since he removed from Somerset county, but avers that it has only been a few years since he so removed, and that he removed long since the pendency of this suit, and has lived in Baltimore ever since, and been accessible to the complainant.

That it does not appear that the complainant has used due diligence to discover the testimony of said Reece. That the complainant had full knowledge that the witness had lived at Jesse Hughes' house, and has had every opportunity, with due diligence, to have discovered, before the cause was decided, the testimony now alleged to have been discovered since. That the cause was set down for hearing, at the instance of the complainant, and that respondent was limited, by the order

of the 27th of March, 1851, in taking newly discovered testimony, that the hearing of the cause should not be delayed, by reason of said order. The defendant then objects to the granting of the application for a rehearing, and insists, that if her objection should be overruled, that the Chancellor should impose such terms on the complainant, as shall be consistent with equity and good conscience.

———

THE CHANCELLOR:

THIS case is brought before the court, upon a petition to open the order of the 27th of April last, and rehear the cause; in other words, for liberty to file a supplemental bill, in the nature of a bill of review, upon the ground of new matter discovered since the order, and there can be no doubt of the regularity of this mode of proceeding, and of the power of the court in a proper case, to grant the application. *Burch et al.* vs. *Scott,* 1 *Gill and Johns.,* 393.

It is likewise equally clear, that these applications address themselves to the sound discretion of the court, and do not rest upon a foundation of strict right, which may not be disregarded. *Dexter* vs. *Arnold,* 5 *Mason,* 315.

The court is at liberty to look into all the circumstances of the case, and if upon full consideration of all of them, it comes to the conclusion, that opening the decree, and rehearing the cause, would be productive of mischief to innocent parties, or is, for any other reason inexpedient, it may refuse to do so, though the facts, if admitted, would vary the decree. *Young* vs. *Keighley,* 16 *Vez.,* 348.

In this case, the bill was filed on the 11th of May, 1840, and had been depending nearly eleven years, before the order in question was passed. The estate of Jesse Hughes, the defendant's testator, has been kept open all that time, because, from the unliquidated nature of the claim, it was manifestly impossible to set apart a sum certain to meet it. If, then, the litigation is now reopened, and the parties on both sides permitted to ransack the county again for evidence, it is impossible to say when it can be brought to a conclusion, and in the

mean time, the estate of the deceased must remain unsettled, in the Orphans Court.

When the order of the 27th of March last was passed, upon the petition of the defendant, special care was taken to guard the complainant against any danger, which might result to him, from the introduction of the new evidence, proposed to be taken, by the proviso, that the new proofs should not delay the hearing of the cause, unless the complainants should ask for delay.

The complainant, however, did not ask for delay, and the cause, after having been depending for nearly eleven years, was, with the consent of both parties, submitted to the court, after an elaborate and able discussion at the bar, by the respective counsel.

The petition, in this case, states very clearly what the new matter is, and in this respect, is entirely free from objection, but it does not state, that by the use of reasonable diligence, the knowledge of the new matter, might not have been acquired, in time to be used when the decree passed. The qualification of the rule, which entitles a party to a bill of review, upon the discovery of new matter, pressing upon the decree, subsequent to the period when it could have been used, that the matter must not only be new, but such as the party could not have known by the use of reasonable diligence, is as firmly settled as the rule itself. This qualification was rigorously applied by Lord Eldon in the case of *Young* vs. *Keighley,* 16 *Vez.,* 348, though a strong intimation, if not a positive opinion, is expressed by him, that by refusing the application then made for leave to file a bill of review, he was deciding against the justice of that particular case, deeming it better, as he said, that individual injury should be inflicted, than that rules established to prevent general mischief, should be broken down. The same doctrine has been fully sanctioned by Chancellor Kent in *Wiser* vs. *Blakely,* 2 *Johns. Ch. Rep.,* 480, and in other cases, and stands supported by the high authority of Mr. Justice Story, in the case in 5 *Mason,* before referred to, and in his commentaries on *Equity Pl., section* 414.

26*

Any laches or negligence, by the party making the application, will destroy his title to this kind of relief. This is abundantly shown by the authorities which have been cited, and by many others to be found in the books.

The petition, in this case, alleges, that Joshua Reece, by whom the new facts are proposed to be proved, lived in the family of Jesse Hughes, before the year 1815, and until after the death of Josiah Hughes, which occurred in 1821. That the said Reece, removed from Somerset county many years ago, that he has been a seafaring man, engaged for many years commanding a vessel trading from Baltimore down the Chesapeake bay to the western shore of Virginia, and elsewhere, and that the petitioner was not aware, until within the week succeeding the 28th of April, 1851, that he knew, or could testify to, the facts stated in the petition.

An answer has been filed to this petition, and whilst the defendant neither admits or denies that the witness will, or can prove the facts relied upon, it denies that it has been many years since he removed from the county, and avers that it has been but a few years, and long since the pendency of the suit, and that he has lived in Baltimore ever since, and has always been accessible to the complainant.

The case is brought before the court upon the petition and answer, no affidavits on either side having been filed. And in view of the facts thus disclosed, and of the principle which must govern the court in exercising its discretion, I do not think it would be proper to grant the application.

The great point in controversy in the cause, had reference to the title to the negro Isaac, and a mass of testimony relating thereto, had been collected by the parties. The question chiefly disputed, had respect to the possession of this slave, it being supposed that the title would be adjudged to be in that party who had the possession. The petitioner does not allege that he did not know before the order of the 29th of April was passed, that Joshua Reece lived in the family of Jesse Hughes, and there is no reason to suppose he did not know it. It is true, the complainant did not attain his majority until the year 1839,

when he took out letters of administration on the estate of his father, but between that time and the date of the order of April, 1851, twelve years intervened, of which upwards of ten were spent in this litigation, and during that time it certainly was the duty of the complainant to ascertain by inquiries, properly directed, who were likely to give information upon the subject. Nothing would seem to be more natural in such circumstances, than that he should inquire who constituted the family of his uncle, Jesse Hughes, during the period in question, and it cannot well be doubted that he could readily have informed himself, and have secured the proof of the witness, if he had taken the necessary steps for the purpose. The allegation in the petition, that the proposed witness removed from the county many years since, is denied by the answer, which avers that he not only did not remove from the county many years back, but that it has been only a few years, and long since the commencement of this suit.

Now, it appears to me, under these circumstances, that it would be contrary to the settled rule of the court upon this subject to permit this same question to be relitigated.

I cannot think the complainant has used "reasonably active diligence in the first instance," to procure the testimony of this witness. He knew, or might have known, that he was a member of the family of Jesse Hughes, from the year 1815, until after the death of Josiah Hughes in 1821. He lived in the county of Somerset until some time after the commencement of this suit, and in Baltimore after he removed from Somerset, and there is no reason to doubt that he might very readily have been communicated with by the complainant, and the information he possessed procured in time to be used before the order now proposed to be opened, was passed.

It certainly seems to me most obvious, that there has been laches or negligence, in this respect, and that it would be a dangerous relaxation of the rule to grant a rehearing of an order, or decree, passed upon a full hearing of both parties, upon the ground now relied upon.

There is, moreover, another objection to opening again this

protracted and expensive litigation, which is not without its weight. It was observed in the opinion delivered in April last, that the exception taken by the defendant to the jurisdiction of the court, was seriously felt, and an intimation was thrown out that if this exception had been presented at an earlier stage of the cause, and before it had, at great expense, been brought to a hearing upon the merits, it might have met with a different reception.

Now, this objection still stands, and the weight of it is still felt, and I entertain a grave doubt, whether, considering it in this light, it would be proper to recommence the litigation, and subject the parties to a further and indefinite accumulation of costs. It was one thing to say, that after a heavy expense has been incurred in preparing the cause for trial upon the merits, and when the record up to the moment of the argument disclosed no objection to the jurisdiction of the court, but, on the contrary, contained proceedings which pre-supposed an acquiescence in the jurisdiction, that an objection to the jurisdiction thus taken should not prevail, and another and a very different thing to start the parties afresh in search of new proofs and upon a new course of litigation, involving necessarily additional and heavy expense. I overruled the objection to the jurisdiction, upon the special circumstances of the case, and certainly, in part, because it seemed to me inequitable at that stage of the cause to turn the plaintiff round to his action at law, which I saw must be fruitless; but I am very far from being so clear, with reference to the power of the court to grant the relief prayed by this bill, as to feel justified in taking a step which must be productive of further expense and delay.

·The rule as we have seen, is, that leave to file a bill of review may be refused, although the facts, if admitted, would change the decree, where the court, looking to all the circumstances, deems it productive of mischief to innocent parties, or for any other cause unadvisable. The doubt I entertain as to the jurisdiction of the court, does, in my opinion, render it unadvisable to put this cause in a new course of litigation, indefinite in duration and in expense, for it cannot be doubted, that evi-

dence counter to the proof now proposed to be offered by the complainant, will be introduced by the defendant. Indeed the evidence already produced since the hearing, show, that there will be no difficulty in procuring such proof.

The petition, therefore, must, in my opinion, be dismissed.

The counsel in this cause whose names should have been inserted in the previous report, are:

ISAAC D. JONES, and JOHN H. DONE, for Complainants.

W. W. HANDY, JOHN W. CRISFIELD and CORNELIUS McLEAN, for Defendants.