## Case No. 987.

BARKER et al. v. BARKER'S ASSIGNEE.

[2 Woods, 241.]¹

Circuit Court, D. Louisiana. April Term, 1876.

EQUITY—BILL OF REVIEW—THE RECORD.

A bill of review can only be sustained upon the ground of error apparent on the record, and

---

¹ [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

the record consists of the pleadings, proceedings and decree, and does not include the evidence.

[Cited in Irwin v. Meyrose, 7 Fed. 536.]

In equity. Bill of review [by the heirs of Elizabeth Barker against the assignee of Jacob Barker, a bankrupt.] Heard for final decree on bill, demurrer, plea and answer of defendant. The bill of review was filed for the purpose of reversing what was alleged to be an erroneous decree of the district court, after the time for appeal had passed by. The bill of review set out the substance of the original bill, and averred, that after service of process, the defendant had filed an answer which contained a general denial of all the averments of the bill; that upon the final hearing, the court had rendered a decree in favor of complainants against the defendant for the sum claimed by them, to wit, $7,300, and directed the defendant to place the complainants as ordinary creditors upon the tableau of distribution. The bill of review alleged, that Jacob Barker was seized before his bankruptcy of certain real estate in the city of New Orleans, on which complainants had a lien in the nature of a tacit mortgage for the amount of their claim; that the property was sold by the assignee of Barker, and the complainants were allowed by the order of the court to set up their claim to the fund, the proceeds of said sale. The error assigned by the bill of review was, in not recognizing the lien or privilege of the complainants on this fund, and in not directing the claim to be paid out of the proceeds of the property on which the alleged tacit mortgage rested, instead of simply directing them to be placed on the tableau of distribution as general creditors. [Bill dismissed.]

Henry B. Kelly and D. C. Labatt, for complainants.

John A. Campbell, for defendant.

WOODS, Circuit Judge. A bill to review can only be sustained on the ground of error in law, apparent on the record. 1 Spence, Eq. Jur. 393. On a bill of review, nothing can be examined' but the pleadings, proceedings and decree, which, in this country, constitute what is called the record. The proofs cannot be looked into as they can on appeal. Putnam v. Day, 22 Wall. [89 U. S.] 60. It is well settled, that a bill of review for error, apparent upon the decree, must be for error in point of law, arising out of facts admitted by the pleadings or recited in the decree itself, as settled, declared or allowed by the court. O'Brien v. Connor, 2 Ball & B. 146; Mellish v. Williams, 1 Vern. 166; Webb v. Pell, 3 Paige, 368; Tommey v. White, 1 H. L. Cas. 160.

The complainants, while conceding these to be the rules governing bills of review, claim that after allowing the debt of the complainant to be a valid claim against the estate of Barker, it was error to refuse to

give it a lien and privilege on Barker's real estate, or the fund which was produced by its sale; that upon the record it appears that if the claim were allowed, the lien followed as a matter of law. I cannot assent to this conclusion. The lien upon the real estate of Jacob Barker claimed by the original bill is based upon the averment that the money which was the basis of the claim was the separate, dotal and paraphernal property of Elizabeth Barker, his wife, and as such, came into his hands under the law of Louisiana. This averment is denied by the answer. Besides, it is nowhere directly averred in the original bill that Jacob Barker ever had any real estate to which the tacit mortgage could attach. It is true, it is averred that Norton, his assignee, had sold and disposed of all the real estate in New Orleans surrendered by Jacob Barker. But this averment, and all others of the original bill are distinctly traversed by the answer. While, therefore, the court may have found that Jacob Barker's estate was indebted to the complainants, it may also well have found that he owned no real estate on which the alleged tacit mortgage could rest. We cannot look into the proofs. We must take the bill, answer, replication and decree to see whether there is any error apparent on their face. Excluding the evidence, it is impossible to say that there was any error in the decree. As it does not so appear on the face of the record, and can be made to appear in no other way, the bill of review must be dismissed at complainant's costs.