IRWIN *v.* MEYROSE.

*(Circuit Court, E. D. Misssouri. ——, 1881.)*

1. BILL OF REVIEW—ERROR IN LAW—NEW MATTER.

A bill of review can only be brought for error in law appearing in the body of the decree or record, without further examination of matters of fact, or some new matter of fact discovered, which was not known, and could not possibly have been used, at the time of the decree.—[ED.

In Equity.

*Noble & Orrick* and *Coburn & Thacher*, for plaintiffs.

*Edward J. O'Brien*, for defendants.

TREAT, D. J. In September, 1879, a bill in equity was filed by plaintiffs against the defendants for alleged infringements of patents. An answer, with notice, was filed in due time, as to anticipations, etc., (under Rev. St. § 4920,) looking to an impeachment of the validity of said patents, and a general replication was duly entered. A few days before the time limited for taking testimony the defendants' solicitor moved for the appointment of an examiner to take testimony in their behalf. As the plaintiffs had taken no testimony, or given notice therefor, the court, to prevent unnecessary costs, withheld the order sought by defendants' solicitor, because, so far as disclosed, the plaintiffs had either abandoned their case, or were willing to stand on the pleadings and exhibits. When the case was subsequently reached in due course, on call of the "equity docket," the defendants answering the call, the court *mero motu* set the case down for

hearing, at a day named. There was no order made upon defendants' solicitor, nor suggestion as to notice upon plaintiffs and their solicitors; hence, the allegations in the bill of review now before the court, so far as they are based on the conduct of the defendants' solicitor in that respect, are entirely groundless; yet, on demurrer, they must be taken as true. The court, desiring to pursue its business in an orderly manner, and with proper dispatch, did, according to its practice, call the equity docket, and take such action, with regard to each case called, as the circumstances required. The original case, having been set down for hearing, was not reached in due course for some days thereafter. No one appeared for plaintiffs, but defendants were duly represented. The court examined the pleadings, exhibits, and proofs, and ordered a decree for defendants. Whatever was done was not through lack of courtesy or otherwise on the part of defendants' solicitor, but on the positive requirement of the court that the case should proceed. This action of the court was based on the necessity of its business, viz.: that some one should respond to the call of the case. The defendants responded, and the court proceeded accordingly, the time for taking testimony having expired, and no extension asked.

A bill of review has been filed, to which a demurrer is interposed. In the case of *Whiting* v. *Bank of U. S.* 13 Pet. 6, it is said:

"As the original decree, which it seeks to review, was properly, according to our course of practice, to be deemed recorded and enrolled as of the term in which the final decree was passed, it is certainly a bill of review in contradistinction to an original bill in the nature of a bill of review; which latter bill brings forward the interests affected by the decree, other than those which are founded in privity of representation. * * * * It has also been suggested at the bar that no bill lies for errors of law, except where such errors are apparent on the face of the decree of the court. That is true in the sense in which the language is used in the English practice. In England the decree always recites the substance of the bill, answer, and pleadings, and also the facts on which the court founds its decree. But in America the decree does not ordinarily recite either the bill or answer or pleadings, and generally not the facts, on which the decree is founded. But with us the bill, answer, and other pleadings, together with the decree, constitute what is properly considered as the

record. And, therefore, in truth, the rule in each country is precisely the same, in legal effect, although expressed in different language, namely, that the bill of review must be founded on some error apparent upon the bill, answer, and other pleadings and decree; and that you are not at liberty to go into the evidence at large in order to establish an objection to the decree founded on the supposed mistake of the court in its own deductions from the evidence."

In the case of *Kennedy* v. *Georgia State Bank*, 8 How. 586, the United States supreme court again referred to the doctrine governing bills of review in this language:

"This bill has been considered by some of the defendants' counsel as a bill of review. But it has neither the form nor the substance of such a bill. Since the ordinances of Lord Bacon, a bill of review can only be brought for 'error in law appearing in the body of the decree or record,' without further examination of matters of fact, or some new matter of fact discovered, which was not known, and could not possibly have been used, at the time of the decree."

The same question underwent review in *Putnam* v. *Day*, 22 Wall. 60:

"We think the rule to be well established, and a wholesome one, that * * the proofs cannot be looked into on a bill of review. This was so expressly held in *Whiting* v. *Bank of U. S.* It is true that in our practice the final decree does not contain a summary of the facts, as it did in the English practice, which summary was examinable on a bill of review; but, to countervail this absence of statement in the decree, we have adopted the practice of looking back of the decree into the whole record of the pleadings and proceedings, including orders, master's report, etc., together constituting what is generally regarded as the record in the cause, and necessary to be examined in order to a proper understanding of the decree itself. This makes a record similar to that of a common-law action, the decree being the judgment of the law upon the allegations of the parties, and the conclusion which the court deduces from the proofs. But the conclusions of fact deduced from the proofs are not spread upon the record *in extenso* unless through the medium of a report made by a master or commissioner. The eighty-sixth rule in equity, adopted by this court, has abolished the recital of the pleadings and proceedings in the decree, and has prescribed the form in which it shall be couched, as follows:

"'This cause came on to be heard at this term, and was argued by counsel; and thereupon, in consideration thereof, it was ordered, adjudged, and decreed as follows, viz.:' [Here inserting the decree of order.] The decree, it is true, may proceed to state conclusions of fact as well as of law, and often does so, for the purpose of rendering the judgment of the court more clear and specific. The record thus made up constitutes the basis of examination on a bill of review, but it never contains the proofs adduced in the cause."

In the case of *Buffington* v. *Harvey*, 95 U. S. 99, the same

subject was again presented to the United States supreme court on a demurrer to a bill of review. After pointing out the rules as to motions for rehearing, etc., and giving clearly the views of the court on that and kindred questions of practice, the court says:

"To avoid misapprehension in what we have said with regard to the proceedings on a bill of review, it will be observed that, in this case, the bill is a pure bill of review, containing no new matter, such as an allegation of newly-discovered evidence, or anything else of an original character, admissible in such a bill. What we have said is specially applicable to the case before us. Bills containing new matter, of course, are in the nature of original bills, so far forth as such new matter is concerned, and admit of an answer and a replication, and proceedings appertaining to an issue of fact; but only as it relates to the truth and sufficiency of such new matter, and the propriety of its admission for the purpose of opening the decree in the original cause. If decided to be founded in fact, sufficient to affect the decree, and properly admissible, the original decree will be opened, and, if necessary, a new hearing had; but if not so found, the bill of review will be dismissed, and the original decree will stand. But even in this case, as well as in that of a pure bill of review, the evidence in the original cause cannot be discussed for the purpose of questioning the propriety of the original decree, as based on such evidence. It can be adverted to, if at all, for the purpose of showing the relevancy and bearing of the new matter sought to be introduced into the cause."

There are many other cases cited by defendant's counsel which serve to illustrate the doctrine: *Dexter* v. *Arnold,* 5 Mason, 315; *Thomas* v. *Harvey,* 10 Wheat. 146; *Woods* v. *Munn,* 2 Sumn. 316; *Hollingsworth* v. *McDonald,* 2 Harr. & J. 230; *Jenkins* v. *Eldridge,* 2 Story, 299 *et seq.*; *Massie* v. *Graham,* 3 McLean, 41; *Hughes* v. *Jonas* 2 Md. Ch. 289; *Lansing* v. *Albany Ins. Co.* Hopkins, 102; *Barker* v. *Barker,* 2 Woods, 241; *Burts* v. *Heard,* 11 Heisk. 472; *Cole* v. *Miller,* 32 Miss. 89; Daniell's Ch. Pl. § 1578; *Livingstone* v. *Noe,* 1 Lea. 55.

The doctrine stated by the United States supreme court, fortified as it is by the numerous cases cited, must govern the action of this court. There is no new matter set up which might not have been presented at the final hearing, if ordinary diligence had been exercised; and, indeed, there is no new matter stated in the bill of review. Hence, the only question is as to errors apparent of record. No such errors

appear. The case having been set down for hearing, the same was heard at the proper time on the issues as made by the pleadings and exhibits. The plaintiffs offered no proofs, and had taken none, tending to show any infringements by the defendants, and hence the court was bound to dismiss the bill. It is true, the defendants had raised by their answer the question of the validity of plaintiffs' patents, and had filed the so-called anticipatory patents, of which statutory notice had been given, said patents being sworn copies of the originals. The court, on hearing, dismissed the bill. It was not necessary for it to inquire into the validity of the plaintiffs' patents, because, if said patents were valid, no evidence that defendants had infringed them was offered. If the court had gone further, and looked into the plaintiffs' patents and the alleged anticipatory patents, the same conclusion must have been reached. There is no error of record, and no new evidence which can serve as a basis for a bill of review in the light of the authorities, *supra.*

The demurrer is sustained, and the bill dismissed.