## In re McINTIRE.

(District Court, N. D. West Virginia. January 3, 1906.)

1. **LANDLORD AND TENANT—LIEN FOR RENT—WEST VIRGINIA STATUTE.**

Code W. Va. 1899, c. 93, § 11, gives a landlord a lien for one year's rent, whether accrued or not, on the tenant's goods carried on the premises, which is superior to any lien, by deed of trust, mortgage, or otherwise, created after goods are so carried on the premises, whether distress warrant has issued for the rent or not, and such provision is constitutional and valid.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, §§ 1013–1016.]

2. **BANKRUPTCY—PETITION FOR REVIEW BY REFEREE OF PRIOR ORDER—REQUISITES.**

A petition filed before a referee in bankruptcy, to review an order previously entered by him after a hearing, is in the nature of a bill of review in equity and governed by the same rules of procedure. It can only be filed for error in law apparent upon the face of the decree or because of the discovery of new evidence since the hearing, and, when on the latter ground, it can only be filed by express leave, and the evidence relied on must be relevant, material, and such as would have produced a different result, and it must have been unknown to the petitioner at the time of the hearing and such as he could not have known by the exercise of due diligence.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

In Bankruptcy. On petition for revision filed by Herman Fouse.

On February 3, 1900, J. M. Jackson and J. M. Jackson, Jr., the owners, leased the Hotel Monroe, in Parkersburg, W. Va., to S. H. Biddle for a term of five years, beginning March 1, 1900, and terminating February 28, 1905. One of the stipulations of this lease prohibited Biddle from assigning, transferring, underletting to, or taking into partnership, any other without the consent of the Jacksons, their heirs, or representatives in writing. On July 1, 1901, a modification was made in writing, fixing the rent payable at $180 per month from July 1, 1901, to February 28, 1902, after which date such rent was to be $200 per month for the remainder of the term. On January 15, 1902, Biddle assigned this lease to J. W. Depue, with the written consent of the Jacksons. On January 10, 1905, Depue executed six negotiable notes, four for $300 each, payable in three, four, six, and eight months, one for $392.90, payable in ten months, and the sixth for $1,482.10, payable in four months. All these notes were accommodation ones, payable to R. M. Clendenning, and indorsed by him; and to secure and save him harmless Depue executed the same day a deed of trust to D. C. Casto, trustee, upon the furniture in said Hotel Monroe, providing in said trust that, in case he made default in the payment of said notes and in protecting Clendenning from liability therefor, then sale should be made of said furniture and personal property, upon request of Clendenning or any holder of all or any one of said notes. On March 8, 1905, Depue by bill of sale, in consideration of real estate, conveyed to him, situate in Parkersburg, W. Va., and Columbus, Ohio, sold said furniture and fixtures in said Hotel Monroe to Herman Fouse, agreeing to surrender to the latter "the said business and its patronage" and "to relieve said property from all bills and liabilities at the time outstanding." On March 11, 1905, Depue executed to Casto, trustee, another deed of trust upon the Parkersburg property derived by him by the conveyance of March 8, 1905, by Hughes and wife at the instance of Fouse and in part payment of the latter's purchase price for the furniture and hotel business, to secure Clendenning harmless and the payment of the same six notes secured by his former trust deed of January 10, 1905, upon the furniture itself. On March 16, 1905, Fouse, by bill of sale, transferred to L. H. McIntire all of said furniture and fixtures in

142 F.—38

594 142 FEDERAL REPORTER.

said hotel derived by him from Depue in consideration of $5,000, for which McIntire executed two $500 negotiable notes, payable in six and twelve months, and four for $1,000 each, payable in two, three, four, and five years from that date, with interest, and on the same day, and to secure these notes, McIntire executed a deed of trust to Casto, trustee, upon the same furniture and fixtures. Thereupon McIntire took possession of said hotel business, but without written consent of the Jacksons or any further transfer of the lease to him from Depue, although it is admitted that the agent for the Jackson heirs received from him, while in possession, $133.33 upon rent due. In this condition of affairs, proceedings were instituted, and McIntire adjudged bankrupt, and a reference was made to George W. Johnson, referee, by this court.

By two petitions filed May 26, 1905, and June 1, 1905, respectively, before said referee, the Jacksons, by their agent, set up the lease held by Depue; that various people were put in charge of the hotel by him, but no assignment of the lease was agreed to by the lessors or their agent; that rent to the amount of $2,066.67 was in arrear and distress warrant had been sued out and levied upon the furniture and fixtures in the hotel therefor; that McIntire had listed such furniture and fixtures as assets of his in the bankruptcy proceeding; and that such claim for rent in arrear was a lien' upon such personal property first payable in full before all others. On June 5, 1905, the said Herman Fouse filed his specification and claim for $5,010, the amount of principal and interest due upon his six notes of McIntire's, and claiming a first lien upon said furniture and personal property by reason of his deed of trust from McIntire. On June 9, 1905, R. M. Clendenning filed his claim for the sum of $3,075, by reason of the six accommodation notes made by Depue to him, and claiming a first lien upon said furniture by virtue of Depue's deed of trust to Casto in his favor. Meanwhile T. J. Helmick had been appointed trustee for said bankrupt, and on June 3, 1905, reported a sale of said furniture as having been made for cash for $1,340. On August 2, 1905, Fouse filed his exception and answer to Clendenning's proof of claim, in which he alleges that, when he purchased said furniture from Depue, he paid full value by the conveyance of real estate; that Depue agreed to relieve it of all liabilities; that Clendenning at the time agreed to release his deed of trust upon it and did sign such release, but it was not recorded; that Clendenning's lien was to be, and was, in fact, transferred from this personal property and placed upon the real estate so conveyed to Depue under and by virtue of the deed of trust to Casto, trustee, of date March 11, 1905; that in consequence Clendenning waived and released all his rights under and by virtue of his deed of trust upon such furniture, and he asks said claim as a lien or charge against the proceeds of its sale be disallowed. On the same day he filed his demurrer, answer, and protest to claim and petition of the Jacksons for rent, in which he demurs because the proof of claim is made by the agent for the Jacksons, because the petitions do not allege that the Jacksons have no other security except their supposed lien upon said furniture or its proceeds, and because their claim is against Depue, and not the bankrupt, McIntire. For answer he alleges his purchase from Depue of the furniture; his exchange of real estate worth $5,000 therefor; the recordation of his bill of sale; his sale of the property to the bankrupt, McIntire, by writing recorded; its consideration of $5,000, evidenced by the six notes; the deed of trust executed and recorded to secure them; the taking possession of the hotel and property by McIntire without objection from the Jacksons; the acceptance of $133.33 rent by them from him; that his deed of trust debt is in the nature of a vendors lien upon said furniture; and asks that it be ordered paid first out of the proceeds of its sale to the extent of such proceeds, and protests against the application thereof to the Jacksons' rent demand. On August 3, 1905, the Jacksons filed an additional affidavit in proof of their claim, in which they more elaborately set out the facts upon which it was based, and with which they file the original lease and copy of the distress warrant and levy sued out by them. Fouse filed exceptions to trustee Helmick's report, which objected to the trustee's allowance of rent to the Jacksons after he took charge as such trustee, but these are not

very material to the question involved. On August 7, 1905, at a meeting of creditors, referee Johnson decided the Jacksons had a landlord's lien upon said furniture and fixtures prior to all others, and directed by order duly entered the application of the proceeds of the sale thereof to their claim after payment of costs, subject, however, to decision upon another claim of a brewing company, not material to consider.

After the rendering of this decree, on August 8, 1905, Fouse filed his petition in the nature of a bill of review, in which he sets forth substantially his original objections to the claim of the Jacksons, and then for the first time charges that before buying said property from Depue he was informed by W. W. Jackson, agent for the Jacksons, that Depue had arranged the rent, at that time in arrear, in a manner satisfactory to such agent, and that, upon the strength of this representation made to him by such agent, he closed the sale with Depue, paying full value for the furniture. He further charges that the arrangement made by Depue with the agent of the Jacksons for such rent in arrear was the delivery by him to such agent of the accommodation notes made by Depue to the order of Clendenning, indorsed by the latter and secured by the deed of trust upon the furniture in favor of Clendenning heretofore set out, and that Jackson, agent, still holds these notes and is trying to relieve Clendenning from his indorsement by enforcing the landlord's lien. He further charges that, when he talked to W. W. Jackson, agent, the latter refused to lease the hotel to McIntire without an increase of rent, but said that he could take charge as long as he paid the rent, but, if he did not, the Jacksons would hold Depue therefor.

To this petition the Jacksons on August 15, 1905, filed a written demurrer, and on August 16, 1905, the referee sustained the same and by order refused to set aside or modify his order of August 7, 1905. Thereupon Fouse brings the matter up for review.

F. H. McGregor, for petitioner.
A. G. Patton, for respondents.

DAYTON, District Judge (after stating the facts as above). This case as presented upon the original hearing before the referee did not, in my judgment, involve much difficulty. It was clearly determinable under sections 7 to 15, inclusive, of chapter 93 of the Code of West Virginia (1899), which expressly create a lien for rent and constitute the procedure for its recovery. Section 11 provides:

"The distress may be levied on any goods of the lessee, or his assignee or under tenant, found on the premises, or which may have been removed therefrom not more than thirty days. If the goods of such lessee, assignee, or under tenant, when carried on the premises are subject to a lien, which is valid against his creditors, his interest only in such goods shall be liable to such distress. If any lien is created thereon while they are on the leased premises, they shall be liable to distress, but for not more than one year's rent, whether it shall have accrued before or after the creation of the lien."

The twelfth section provides that a person securing a lien upon goods after the commencement of a tenancy can only remove them from the premises by paying the rent in arrear and securing that to accrue to the extent of one year's rate as fixed by the lease.

In the case of Anderson v. Henry, 45 W. Va. 319, 31 S. E. 998, Judge Brannon has very clearly and ably discussed these provisions, holding that their effect is to give a lien for one year's rent, whether accrued or not, on tenant's goods carried on the premises over all liens by deed of trust, mortgage, or otherwise, created after tenant's term, whether distress warrant therefor has issued or not, and that the fourteenth amendment to the Constitution of the United States

does not render them void. With these views I am in entire accord. In this case here the facts presented to the referee at his hearing on August 7, 1905, reduced themselves to these: Depue, the lessee in possession under the lease assigned to him by Biddle, with the assent of the lessors, had this furniture in the leased property, when on January 10, 1905, he gave the deed of trust upon it to secure Clendenning. He was also "carrying it on the premises" on March 8, 1905, when he sold it to Fouse, and it still remained in the hotel property when Fouse sold to McIntire on March 16, 1905, and took his deed of trust upon it to secure his purchase money. During all this time the lien for one year's rent either accrued or to accrue under the lease had attached to it in favor of the lessors, the Jacksons. Neither Clendenning, Fouse, nor their trustee, under this section 12 of chapter 93 of the Code of 1899, could have removed such furniture and sold it to satisfy their liens without first having paid the Jacksons the accrued rent and secured to them the payment of an additional sum sufficient to make in all the full amount of one year's rate as provided by the lease, and, in case such removal had been illegally made, the lessors could have distrained such goods wheresoever found at any time within 30 days after such removal. The claim asserted by the Jacksons for rent was for $2,066.67, less than one year's rent, and the fact that it was due and unpaid was undisputed. It is very clear that, under such circumstances, the referee could not decree otherwise than in favor of the lessors, the Jacksons, as against the deed of trust creditors, Clendenning and Fouse. But, after he had entered his final order adjudicating the matter this way, Fouse, by petition, asks a review, and for the first time charges substantially that the lessors by their agent, before his purchase of the property, represented to him that Depue had adjusted the rent and upon this representation he was induced to buy. This, if substantiated, would make an altogether different case out of the matter. It cannot be denied that, no matter how clear a lien one may have upon property, if he represents such lien to have been paid or adjusted and thereby induces another to buy the property, he is thereafter estopped from asserting his lien against it. McBane v. Wilson (C. C.) 8 Fed. 734; Schroeder v. Young, 161 U. S. 334, 16 Sup. Ct. 512, 40 L. Ed. 721; N. & W. R. Co. v. Perdue, 40 W. Va. 422, 21 S. E. 755; Stone v. Tyree, 30 W. Va. 687, 5 S. E. 878; Herm. Estop. § 735; 2 Pom. Eq. Jur. § 802.

The referee sustained a demurrer to this petition, and therefore we must, in reviewing his action, take, as he was required to do, the allegations of it to be true, and, moreover, construe them most favorably to the petitioner. We must not, however, overlook the fact that proceedings in bankruptcy are wholly equitable in character and governed by the rules of equity practice, where not in conflict with the direct provisions of the act itself. Also, that referees in their hearings within the scope of their power are clothed with the authority of judges, and their orders and decrees are to be reviewed, reversed, or annulled under the same rules and conditions as those governing other courts of equity, subject always to the express provisions of

the bankrupt act. The petition here must be held to have been one in the nature of a bill of review. Such bills can be filed for errors in law apparent upon the face of the decree, or because of the discovery of new evidence since hearing, which could not have been discovered by the use of due diligence before such hearing. In case newly discovered evidence is set up, such a bill can only be filed by express leave of the court, and great caution is to be exercised in granting such leave. The evidence must be relevant, material, and such as would have produced a different result had it been used at the hearing. It must have been unknown to the party at the time of the hearing, and such as by due diligence could not have been known. Hogg's Eq. Pro. c. 12; Hyman v. Smith, 10 W. Va. 298; S. M. Co. v. Dunbar, 32 W. Va. 335, 9 S. E. 237; Hatcher v. Hatcher, 77 Va. 600; Wethered v. Elliott, 45 W. Va. 436, 32 S. E. 209; Nichols v. Nichols, 8 W. Va. 174; Dunfee v. Childs, 45 W. Va. 155, 30 S. E. 102; Shakers v. Watson, 77 Fed. 512, 23 C. C. A. 263; Jourolmon v. Ewing, 85 Fed. 103, 29 C. C. A. 41; Irwin v. Meyrose (C. C.) 7 Fed. 533.

The only possible ground upon which this petition could be maintained for the purpose of securing a review of the decree would be the new facts setting up the estoppel of the Jacksons to assert their rent lien. But these facts cannot possibly be considered now. They were known to Fouse when he filed his original demurrer, answer, and protest to the Jacksons' claim. There was no possible reason why he should not have set them up and relied on them in that pleading. They were based upon his own knowledge, derived from his own conversation with the landlord's agent, and he does not attempt to give any reason why he failed to bring them forward in the original hearing.

It is very clear to me that this petition does not comply with any of the rules authorizing it to be filed, and that the referee acted rightly in rejecting it upon demurrer.

I find no error, therefore, in the two orders of the referee complained of, and they will be, in all respects, affirmed.